MANN, Chief Judge.
ON JURISDICTION
I erred in State v. Redden, Fla.App.2nd 1972, 269 So.2d 415, and persuaded my colleagues to concur, in determining that the rule of State v. Smith, Fla. 1972, 260 So.2d 489, deprived the State of its appeal as a matter of right from orders dismissing in-formations. We granted certiorari in Redden and quashed the order under review, so no harm is done, but we specifically recede from that decision.
An order dismissing an information is in the nature of a final judgment and the state’s right of appeal is not derived from Rule 6.3, F.A.R., 32 F.S.A. That rule seems to have arisen at a time when a variety of appeal times could be found in the Florida Appellate Rules and fixed a thirty day appeal time for certain interlocutory appeals by the state. See Nash, Florida Appeal Times, 16 Miami Law Review 24 (1961). Some appeals provided for in Fla.Stat. §§ 924.07, and 924.071 F.S.A. remain unprovided for by the rule. Therefore, we would continue to think that State v. Smith would govern those cases in which the right to review is : interlocutory in nature and that the rule would take precedence over the statute, as the Constitution provides. Fla.Const. Art. V, § 5(3) F.S.A. See State v. Matney, Fla.App.1st 1970, 236 So.2d 166.
On the question whether Fulkerson escaped lawful confinement, we do not find the briefs enlightening. There is no question of the lawfulness of confinement in State ex rel. Wilson v. Culver, Fla.1959, 110 So.2d 674, the only case cited by the state. While the cases cited on behalf of the appellee make it clear that lawfulness of custody is an essential element to be proved, they do not shed much light on the lawfulness of the custody in this peculiar situation.
Consequently, we retain jurisdiction over this appeal and direct that the state file within thirty days a supplemental brief on the merits. The appellee is allowed twenty days thereafter to file a brief, whereupon the court will consider the merits without further oral argument. See Rule 3.10(e) F.A.R., 32 F.S.A.
HOBSON, J., and COWART, JOE A, Jr., Associate Judge, concur.