305 So.2d 232 (1974)
STATE of Florida, Appellant,
v.
Jimmy Fred WILSON, Appellee.
No. 74-1303.
District Court of Appeal of Florida, Third District.
December 17, 1974.
*233 Richard E. Gerstein, State's Atty., and John Lipinski, Asst. State's Atty., for appellant.
Joel Hirschhorn, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.

ON MOTION TO DISMISS
NATHAN, Judge.
The defendant was arrested on March 21, 1974. Subsequently he was discharged and the information against him was dismissed by order of the Circuit Court recorded August 13, 1974. The state filed its notice of appeal of the order of dismissal and discharge on September 12, 1974, but never requested an extension of the speedy trial period, and upon the expiration of 180 days, defendant moved the trial court for discharge pursuant to Rule 3.191(d)(3), RCrP. The motion was denied on the basis of lack of jurisdiction due to this pending appeal. The defendant now presents a motion to dismiss the appeal on the ground that the state's failure to bring the defendant to trial within 180 days renders the cause moot.
The issue, simply stated is whether pendency of an appeal by the state from an order of the trial court dismissing the information and/or discharging the defendant is to be deemed a "continuance" or "tolling of time" as a matter of law under the speedy trial rule where the state has not moved the trial court for an extension or continuance. The answer, based on the authority of Carroll v. State, Fla. 1971, 251 So.2d 866, is clearly no, and we agree with this result.
The right to speedy trial as established in the sixth amendment is a fundamental right and should not be limited absent specific provision in the rules for the particular circumstance in question. Although the rules address themselves to extensions during interlocutory appeals,[1] and the time limit for a new trial after declaration of a mistrial, or an order or notice for a new trial,[2] there is no provision for the situation sub judice, to-wit: appeal by the state from a motion to dismiss. Therefore, it follows that in order for there to be an automatic extension of the time it must be specifically written into the rule to be operative.
The defendant is entitled to be discharged for the state's failure to obtain an extension or continuance due to exceptional circumstances.
Therefore, the appeal is rendered moot, the motion to dismiss the appeal is granted and the defendant is discharged.
It is so ordered.
NOTES
[1] Rule 3.191(d)(2)(iv), RCrP.
[2] Rule 3.191(g), RCrP.