307 So.2d 829 (1974)
Michael J. MULLIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-302.
District Court of Appeal of Florida, Third District.
December 17, 1974.
Rehearing Denied February 21, 1975.
Moran & Gold, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Stephen V. Rosin, Asst. Atty. Gen., for appellee.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.
PER CURIAM.
The defendant was charged by information, tried by jury, convicted of two counts of robbery and one count of second degree murder and sentenced to one thirty-year term and two life terms in the state penitentiary, to run consecutively.
The crucial issue on appeal is whether the state failed to accord the defendant a speedy trial, thereby entitling him to discharge as a matter of right. The record discloses that the defendant moved the court to suppress his confession, which motion was granted. The state appealed the suppression, and the defendant was not brought to trial for some 223 days subsequent to the court's granting of his motion to suppress. The state never moved the court for an order extending or tolling the speedy trial period.
Our interpretation of Rule 3.191(d)(2), CrPR, as applied in State v. Williams, Fla.App. 1973, 287 So.2d 415, is that a court order is required to extend or toll the speedy trial period under those circumstances set out in the rule. "... the extensions are to be actually granted or denied by the court and should not be presumed. It is the order and not the circumstances which should toll the rule." Esperti v. State, Fla.App. 1973, 276 So.2d 58, 64.
*830 The state having failed to request an order of extension pending the outcome of the interlocutory appeal, as specifically provided in Rule 3.191(d)(2)(iv), CrPR, the speedy trial period elapsed, and the convictions and sentences are hereby reversed and the defendant is discharged.
Reversed.

ON PETITION FOR REHEARING
Upon consideration of the petition for rehearing filed in this cause by the State, we have taken note of the recent opinion by Chief Justice Adkins of the Supreme Court of Florida in Rubiera v. Dade County, Florida, ex rel. Benitez, Fla. 1974, 305 So.2d 161, opinion filed December 11, 1974, wherein it is stated that,
"Subsection (d)(2) of Rule 3.191 is such a mechanism whereby time may be extended to accommodate the need of either side for additional time. Use of discovery procedures to prepare for trial is one type of reasonable delay envisioned. Such delays are "excused" with the qualification that a court order extending time has been entered. The court order serves to advise all concerned that new time limits are in effect.
Further, the court sua sponte may order an extension when exceptional circumstances defined in subsection (f) of Rule 3.191 exist. In that case, the Rule provides for a new trial date within a reasonable time. Crucial to both methods of extension is that a court order issues, becomes part of the record, and all parties are once again working within a defined time period." (emphasis added)
The case quoted above deals with delay due to discovery procedures, but the instant case concerns delay due to an interlocutory appeal by the State. Whereas Rule 3.191 (d)(2), CrPR, directly relates to interlocutory appeals, and whereas the court did not enter an order extending the speedy trial period as per the Rule, we uphold our opinion rendered in this case, and on the authority of Rubiera v. Dade County, Florida, ex rel. Benitez, supra, the petition for rehearing hereby is denied.
Denied.