RAWLS, Acting Chief Judge.
By this interlocutory appeal, the state seeks reversal of the trial court’s order suppressing certain evidentiary items and directing the return of same to appellees Pearce and Kinner. We agree and reverse.
We recite the evidence most favorable to upholding the trial court’s order. On August 13, 1974, at 11:00 p. m., a Game and Fresh Water Fish Commission wildlife officer, after having received a report of possible game law violations, parked his car on the shoulder of Highway 90 approximately 60 yards east of a gate leading into private property in Madison County. Two large ponds were situated approximately one-half to three-quarters of a mile *456 on the private property to the northeast of the officer. Shortly after stopping, the officer heard one shot fired from a shotgun and then heard an airboat “cranked up and idling along”, which from his knowledge of the area he assumed was located on one of the ponds. He also observed the glare of a light “hitting the water and reflecting back over the tree line.” He waited 60 yards east of the gate for approximately one and a half to two hours. During this period of time he heard sounds that indicated to him the loading of an airboat onto a trailer. A pickup truck towing a trailer with an air-boat on it was driven by appellee Pearce to the gate from across a pasture. At this point in time, according to appellees, the officer drove his patrol car through the gate and stopped it a car length on private property.[1] The officer, after speaking to appellees, walked by the truck (in which he observed a Remington shotgun) “. and back to the airboat and looked over in the boat and there lay three gators on the left hand side of the boat between the gun-nell of the boat and the seats of the boat.” He also saw and removed a Winchester rifle from the boat. Subsequently, an information was filed charging appellees Pearce and Kinner with unlawfully poaching and killing alligators.
Appellees contended in the trial court by their motion to suppress, basically, that the items (airboat, shotgun and rifle) were seized by reason of an unlawful search without probable cause and as an incident to an unlawful arrest.
The poaching and killing of an alligator is a third degree felony. Furthermore, such items as were seized in the cause are subject to confiscation when used in unlawfully poaching or killing alligators.[2] The state contends and we agree that under the undisputed facts outlined above, it is immaterial whether the officer’s vehicle was one car length inside or outside the gate. The salient question presented to the trial judge was that of probable cause [3] for the officer to believe that a felony had been committed. At eleven o’clock during the nighttime, this wildlife officer had a “lead” that the game laws were being violated in a rural area; he heard a shotgun being fired in a pasture-pond area; he heard an airboat cranking up, idling along, running a little way, and then shutting down; he saw the glare of a light reflecting off water; and he then patiently waited for the airboat’s operators to drive to the gate at approximately one o’clock in the morning. This wildlife officer under such circumstances would have been derelict in the performance of his duties had he not looked into the airboat and seen the contraband.[4]
The sophism of the trial judge’s order granting the motion to suppress is found in his statement: “I might add he had heard one shot, which could require inference upon an inference to conclude that that shot had been directed at an alligator or any game animal.” It is not the one shot that furnished the probable cause; it is the totality of the factors enumerated that furnished the foundation for the wildlife officer’s visual inspection of the airboat and the clear view of contraband that he found.
*457 The trial court’s order granting the motion to suppress is quashed, and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
MILLS and McCORD, JJ., concur.

. The officer testified, “When they got to the gate going into the pasture I pulled in front of them and blocked them, with my patrol car and blue light on and asked them to step out, please.”

. Florida Statute 372.663.

. Florida Statute 372.07(2) (e) — Arrest upon probable cause without a warrant.

.State v. Outten, 206 So.2d 392 (Fla.1968), wherein the Supreme Court held: “The facts constituting probable cause need not meet the standard[s] of conclusiveness and probability required of the circumstantial facts upon which conviction must be based.
[I]t is to be measured by the test of what a reasonable man would have believed.”