326 So.2d 175 (1976)
STATE of Florida, Petitioner,
v.
Donald Roy WELLS, Respondent.
No. 47028.
Supreme Court of Florida.
January 14, 1976.
Rehearing Denied February 25, 1976.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for petitioner.
John Paul Howard, Jacksonville, for respondent.
HATCHETT, Justice.
Respondent Wells was arrested on May 15, 1973, during the execution of a search warrant issued earlier the same day, all in connection with the alleged receipt and concealment of certain stolen property. The trial judge granted defense motion to require disclosure of confidential informer by order entered October 15, 1973. At a hearing on November 2, 1973, this colloquy transpired:
THE COURT: ... Let me ask you, at this time do you intend to d[i]vulge the name of the confidential informant?

*176 MR. EPSTEIN (the prosecutor):
No, Your Honor, it is the position of the state that we are not going to d[i]vulge it.
THE COURT: All right. Charges will be dismissed against Donald Roy Wells.
The prosecution filed notice of appeal on November 9, 1973, "to review the order of the Circuit Court ... bearing date the 2nd day of November, 1973", and directed the clerk to include in the record on appeal the "court's order dismissing the information, dated November 2, 1973." There is no such written order in the record, although the trial court clerk has certified that the record contains "all ... papers ... as appears from the records and files of [his] office that have been directed to be included... ." We are bound to conclude, therefore, that no written order of dismissal was entered.
The District Court of Appeal, First District, upheld the trial court's dismissal in its decision reported at 308 So.2d 163, and denied petition for rehearing. The attorney general's office then filed here a petition for writ of certiorari which we granted without oral argument on June 25, 1975, Mr. Justice Overton dissenting. We now dismiss the petition for writ of certiorari as improvidently granted.
No order or judgment of a trial court is appealable until reduced to writing[*] and filed with the trial court clerk. State ex rel. Faircloth v. Cross, 238 So.2d 81 (Fla. 1970); Jenkins v. Lyles, 223 So.2d 740 (Fla. 1969); State v. Breeze, 300 So.2d 729 (Fla.App., 2d Dist. 1974); State v. Law, 297 So.2d 347 (Fla.2d Dist. 1974). Treating the papers on which the appeal was taken as a petition for writ of certiorari, the District Court nonetheless lacked jurisdiction in "the absence of a written order". State v. Simpson, 313 So.2d 470 (Fla.App., 4th Dist. 1975). Furthermore, any possibility of review is by now moot, inasmuch as more than two years have elapsed since the respondent was taken into custody and no application for an order extending time for trial was made, as required by Rule 3.191(d)(2)(iv), RCrP. See Mullin v. State, Fla.App., 307 So.2d 829 cert. denied sub nom. State v. Mullin, Fla., 317 So.2d 761 (1975); State v. Wilson, 305 So.2d 232 (Fla.App., 3d Dist. 1974); State v. Williams, 287 So.2d 415 (Fla.App., 2d Dist. 1973); Esperti v. State, 276 So.2d 58, 64 (Fla.App., 2d Dist. 1973).
The petition for writ of certiorari is dismissed.
ROBERTS and BOYD, JJ., concur.
ADKINS, C.J., and OVERTON and ENGLAND, JJ., concur in result only.
NOTES
[*] In Williams v. State, Fla., 324 So.2d 74 (1975), we held that notice of appeal filed by a criminal defendant after judgment and sentence were reduced to writing, but before those documents were filed in the clerk's office, "shall exist in a state of limbo until the judgment ... is rendered." Upon rendition of judgment, the notice of appeal becomes efficacious to confer jurisdiction on the appellate court. The Williams holding was justified on the basis that "the petitioner was placed in an untenable position since the judgment conditioned the grant of supersedeas bond upon the filing of the notice of appeal." Filing of notice of appeal is always a pre-requisite for bail pending appeal when there is a criminal conviction, Rule 6.15(a), Florida Appellate Rules, 1962 Revision, and the result in the Williams case evinces an unwillingness to allow a man's freedom to depend on the fortuity of when papers happen to be filed in the clerk's office. Although the decision in Williams v. State, supra, would have been fully supported on just such narrow grounds, expansive obiter dicta indicate that the doctrine there announced may well find broader application. However widely applied, though, the new rule does not reach the present case, because here the order sought to be reviewed has never been reduced to writing.