332 So.2d 127 (1976)
STATE of Florida, Appellant,
v.
Arthur Gene CANNON and Lacey Hollingsworth, Appellees.
No. 75-1848.
District Court of Appeal of Florida, Fourth District.
May 14, 1976.
Abbott M. Herring, State's Atty., and John Dean Moxley, Jr., Asst. State's Atty., Titusville, for appellant.
Daniel S. Ciener, Merritt Island, and R.V. Richards, Titusville, for appellees.
SCHWARTZ, ALAN R., Associate Judge.
We agree with the trial judge and the Third District decision in Mullin v. State, 307 So.2d 829 (Fla.App.3rd 1975), cert. den. 317 So.2d 761 (Fla. 1975), that an order under Rule 3.191(d)(2)(iv), F.R. Cr.P. is required to extend the speedy trial time during the pendency of an interlocutory appeal by the state from an order suppressing evidence. Despite the state's argument here, it is obvious that the portion of Fla. Stat. § 924.071(2), which provides for an automatic stay during the pendency of such an appeal has been superseded by the provisions of the rule in question which specifically require an order of extension, "... for a period of reasonable and necessary delay... for interlocutory appeals... ." A contrary ruling would mean that the state could automatically deprive a defendant of the benefits of the Speedy Trial Rule, which did not exist when Fla. Stat. § 924.071(2) was adopted, merely by filing an appeal from an order of suppression and without any judicial determination that the appeal was not frivolous or had not been taken simply for the purpose of securing such a delay. Accordingly, we affirm the trial judge's order discharging the defendant under Rule 3.191(d)(1). See also State v. Wells, 326 So.2d 175, at 176 (Fla. 1976) (opinion of Hatchett, J.); State v. Wilson, 305 So.2d 232 (Fla.App.3rd 1974); *128 State v. Williams, 287 So.2d 415 (Fla. App.2d 1973); Esperti v. State, 276 So.2d 58 (Fla.App.2nd 1973); State v. Byrne, 331 So.2d 394 (Fla.App.4th 1976).
AFFIRMED.
WALDEN, C.J., and CROSS, J., concur.