336 So.2d 1274 (1976)
The STATE of Florida, Appellant,
v.
James David PEARCE and William Lee Kinner, Appellees.
No. AA-435.
District Court of Appeal of Florida, First District.
September 24, 1976.
*1275 Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., Tallahassee, for appellant.
A.K. Black, Lake City, for appellees.

*1276 SUBSTITUTED OPINION ON REHEARING
SMITH, Judge.
The State appeals from an order dismissing the information against appellees Pearce and Kinner on the ground they were not given a speedy trial as required by Rule 3.191, R.Cr.P. The 180-day period prescribed by the Rule expired during the State's interlocutory appeal, pursuant to § 924.071, F.S., from an earlier order granting appellees' motion to suppress certain evidence. On that appeal we sustained the State's position and remanded the case for further proceedings. State v. Pearce, et al., 318 So.2d 455 (Fla.App. 1st, 1975).
Shortly after perfecting its interlocutory appeal from the suppression order, the State filed a motion to stay the running of the speedy trial period pending the appeal. Granting the motion without a hearing, the trial court ordered an indefinite stay. Later, considering appellees' motion for discharge following our remand, the trial court concluded that the State's interlocutory appeal had deprived it of jurisdiction to take any action in the matter, that its stay order was a nullity and that, 180 days having long since passed, Pearce and Kinner were entitled to discharge.
Upon our initial consideration of this case, we were of the view that the State's interlocutory appeal pursuant to § 924.071,[1] F.S., and Rule 6.3 b, F.A.R., perfected an automatic stay of the case in the trial court and that application to the trial court for extension of the speedy trial period, Rule 3.191(d)(2)(iv), R.Cr.P., was unnecessary. We reasoned that the Supreme Court adopted § 924.071 when it promulgated Appellate Rule 6.3 b[2] and thus made effective the statute's provision for an automatic stay. Remanding the case for trial, our initial opinion acknowledged our disagreement with the decision of the District Court, Third District, in Mullin v. State, 307 So.2d 829 (Fla.App. 3d, 1975).
Appellees' petition for rehearing calls to our attention that our announced decision is in conflict also with the recent decision of the District Court, Fourth District, in State v. Cannon, 332 So.2d 127 (Fla.App. 4th, 1976), following Mullin. We have therefore reconsidered our position in the light of the substantial reasoning contributed by Cannon.
Noting that the speedy trial rule adopted in February 1971[3] permits the trial court to order an extension of the speedy trial period for "a period of reasonable and necessary delay ... for interlocutory appeals," Rule 3.191(d)(2)(iv) R.Cr.P., the Cannon court held that the rule superseded the automatic stay provisions of § 924.071, F.S. 1967, as adopted by Rule 6.3 b, F.A.R., in October 1968.[4] The Cannon court buttressed its application of conventional rules of interpretation[5] by remarking on the undesirable consequences of permitting the State to take an interlocutory appeal and automatically delay the trial "without any judicial determination that the appeal was not frivolous or had not been taken simply for the purpose of securing such a delay." 322 So.2d at 127.
We remain of the view that Rule 6.3 b, F.A.R., preserves the automatic stay provisions *1277 of former § 924.071(2), F.S., notwithstanding that the speedy trial rule otherwise countenances extensions only on order of the trial court. The contrary interpretation proceeds from the impression that the 1971 speedy trial rule could have had no purpose, in providing for orders to extend the trial time during interlocutory appeals, except to nullify by that inconsistent measure the automatic stay previously afforded the State by former § 924.071(2). We do not conceive that the speedy trial rule must necessarily be given that effect, nor that it should be if another course is possible.
When the Supreme Court adopted the speedy trial rule in 1971, there were as now two statutes on the books authorizing appeals by the State in criminal cases: § 924.07 and § 924.071. The context and language of § 924.071(2) indicate a legislative purpose to stay the case automatically only if the State's interlocutory appeal is one authorized by § 924.071(1), i.e., taken from an order "dismissing a search warrant, suppressing evidence obtained by search and seizure, or suppressing a confession or admission made by a defendant."[6] The legislature did not provide an automatic stay during an interlocutory appeal by the State under § 924.07, from an order dismissing less than all counts of an indictment or information, an order granting a new trial or "other pretrial orders." Sec. 924.07(1), (2), (8), F.S.
In this light, the speedy trial rule's provision for court-ordered extensions during interlocutory appeals may be seen as having a purpose other than to repeal the automatic stay afforded by former § 924.071(2). That purpose was to permit the trial court to grant or deny an extension of the speedy trial period and a stay of the trial when the State proposed an interlocutory appeal in circumstances justified by § 924.07 but not by § 924.071(1).[7] We therefore need not presume that criminal Rule 3.191(d)(2)(iv) was intended to excise from § 924.071, made effective by appellate Rule 6.3 b, the automatic stay which theretofore was integral.
There are practical reasons so to reconcile the provisions of § 924.071(2), F.S., and Rule 3.191(d)(2)(iv), R.Cr.P., rather than to find intractable conflict there.
First, we must recognize that ordinarily there will be no appealable order under § 924.071 until a substantial portion of the speedy trial period has run. It will therefore frequently be difficult if not impossible to render an appellate decision within the unextended period for speedy trial. See State v. Wilson, 305 So.2d 232 (Fla.App. 3d, 1974), cert. den. 314 So.2d 781 (Fla. 1975). Therefore, given the State's right to appeal the interlocutory orders described in § 924.071(1), an automatic stay of the trial and a corresponding extension of the speedy trial period is essential to the effectiveness of the appeal. Although trial judges will not groundlessly deny the State's request for a stay and extension, we doubt that such an appeal should be made to depend on permission of the trial judge whose order is the subject of it. An order denying a stay and extension is not itself an interlocutory order which the State may appeal under appellate Rule 6.3 b; and, though appellate courts have power to issue stay writs necessary to make our jurisdiction effective, Art. V, § 4(b)(3), Florida Constitution, it is not clear that we have power thereby to extend the speedy trial period of Rule 3.191 or that, from afar, we should.
Second, trial judges should not be required to guess at what a "reasonable and *1278 necessary" time for appeal may be, as they must if they are to enter orders extending the time for trial only for such a period.[8] If on the other hand trial judges are rotely to grant extensions for the appeal period regardless of how long that may be, the Rule does not rely on the trial judge's balancing of the need for delay against the need for trial in a particular case and nothing is lost by relieving the judge of the mechanical chore of entering an order.
Finally, an automatic extension of the Rule 3.191 trial period does not leave the defendant without a remedy for a dilatory or frivolous appeal by the State. If the matter presented on appeal is so insignificant, the State's position so untenable or the appellate delay so prejudicial that the accused is deprived of his constitutionally secured right to a speedy trial, those matters may be asserted by a motion for discharge which is based directly on the Constitution rather than on rights derived from Rule 3.191. State ex rel. Gentry v. Fitzpatrick, 327 So.2d 46, 47-48 (Fla.App. 1st, 1976); Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971). Obviously, such matters as the substance of the State's appeal and the unreasonableness of the appellate delay will be better judged after the appeal, when all the facts are known, than before.
The present appeal was authorized by § 924.07(1), F.S., because it was taken from a final order dismissing an information. See State v. Fulkerson, 300 So.2d 275 (Fla.App. 2d, 1973). Unlike the case in State v. Williams, 254 So.2d 548, 287 So.2d 415 (Fla.App. 2d, 1971, 1973), a trial of the charges against these appellees has been and is impossible until our mandate restores the information in the trial court. Accordingly, no order was necessary to stay the Rule's period for trial pending this appeal. Upon remand, trial should begin within 90 days of the trial court's receipt of our mandate. Rule 3.191(g), F.A.R.; State v. Williams, supra, 287 So.2d at 419.
Our opinion filed June 29, 1976, is withdrawn and this opinion substituted in its place. The prayer of appellees' petition for rehearing is DENIED. The order dismissing this prosecution is
REVERSED.
BOYER, C.J., and MILLS, J., concur.
NOTES
[1] Sec. 924.071(2): "An appeal by the state from a pretrial order shall stay the case against each defendant upon whose application the order was made until the appeal is determined."
[2] Rule 6.3 b: "Appeals pursuant to Section 924.071, Florida Statutes 1967, shall be taken within [30 days] ... or prior to the commencement of the trial whichever is sooner ..." In State v. Smith, 260 So.2d 489, 490 (Fla. 1972), the Supreme Court adopted this court's opinion that: "`This Rule [6.3 b, F.A.R.] breathes life into a legislative Act which purports to permit appellate review of a pretrial order which ... suppresses evidence obtained by search and seizure [§ 924.071, F.S.]... .'"
[3] In re Florida Rules of Crim. Proc., 245 So.2d 33, 36 (Fla. 1971).
[4] In re Florida Appellate Rules, 211 So.2d 198, 300 (Fla. 1968).
[5] E.g., "[T]he last expression of the Legislature will prevail in cases of conflicting statutes... ." Albury v. City of Jacksonville Beach, 295 So.2d 297, 300 (Fla. 1974).
[6] The title of the bill enacted as § 924.071 likewise indicates that the automatic stay is limited to "such appeals" as are authorized by the Act, Ch. 67-123, Fla.Laws.
[7] While the interlocutory appeal features of § 924.07 were ineffective under Art. V, § 5(3), Fla. Const., because not adopted by rule of the Supreme Court, that had not been determined when the speedy trial rule was promulgated in February 1971 and was not determined until later that year in State v. Smith, 254 So.2d 402 (Fla.App. 1st, 1971), quashed on other grounds, 260 So.2d 489 (Fla. 1972). The ineffectiveness of the interlocutory appeal provisions of § 924.07 is therefore no reason to disregard the part they played in formulating the speedy trial rule.
[8] The trial judge who initially underestimates the reasonable and necessary time for appeal may, when asked by the State for a second order in mid-appeal, encounter the jurisdictional puzzle Judge Drury debated in this case.