FOGLE, Judge.
The appellant, defendant below, was charged by information with possession of more than five grams of marijuana with intent to sell same. The information was filed on August 28,1974, and the defendant failed to appear for formal arraignment on September 23, 1974.
The appellant was re-arrested on January 23, 1975, and on January 27, 1975, he entered a plea of not guilty. On March 10, 1975, a motion to suppress the State’s physical evidence was filed and granted by the trial court. The State filed an interlocutory appeal to this Court from the Order granting the motion to suppress and this Court reversed the Order of the trial court, issuing its mandate on October 24, 1975.
At the time it filed the interlocutory appeal, the State sought, and was granted, an Order extending the time for speedy trial. The motion for same specifically requested a six month extension of the time and the Order granting same extended the time for six months, commencing on March 19,1975.
After this Court’s mandate issued, which was more than six months from the date of said Order, the defendant-appellant moved for discharge for failure to comply with the speedy trial rule. Appellant’s motion was denied and he thereafter entered a plea of nolo contendere, reserving his right to appeal the trial court’s denial of his motion for discharge and the cause is before us on appeal from that Order denying discharge.
The appellant cannot be denied his right to a speedy trial because of any “automatic” extension of time granted to the State or assumed by the State, simply because the State had an appeal pending. The State should have asked for an extension of time for a period equal to the time consumed by the appeal. State v. Cannon, *1194 332 So.2d 127 (Fla. 4th DCA 1976); Mallín v. State, 307 So.2d 829 (Fla. 3d DCA 1975).
Therefore the cause is reversed and remanded to the trial court with directions to discharge the defendant.
ANSTEAD, J., concurs.
DOWNEY, J., concurs specially.