HENDRY, Judge.
Appellant’s sole point on appeal is whether the trial court erred in denying his motion for discharge on the ground that the applicable speedy trial time period was tolled by its extension order of May 1, 1978, which was entered over appellant’s objection. The extension order stated:
“UPON motion of the Defendant to dismiss the Information charging Grand Theft, the Court makes the following finding:
Previous to this case, several Circuit Judges of the Eleventh Judicial Circuit of Florida have dismissed Informations on the grounds that the Grand Theft Statute, Section 812.014, Florida Statutes (1977), is unconstitutional. The State of Florida is appealing those decisions and those appeals are presently pending before the Florida Supreme Court.
Each appeal involves a significant expense of judicial resources and requires a filing fee in the amount of $75.00. The Court finds that the expense of manpower and financial resources need not be continuously made since an ultimate decision concerning the constitutionality of the Theft Statute will result from the presently pending appeals.
Based upon the foregoing, it is,
ORDERED AND ADJUDGED that all proceedings concerning the Grand Theft charges in the instant case are stayed and that the speedy trial period is tolled until the final mandate of the Supreme Court is issued which resolves the constitutionality of the Theft Statute, Section 812.-014, Florida Statutes (1977).”
On September 15, 1978, appellant filed a motion for discharge under the speedy trial provisions of Fla.R.Crim.P. 3.191(a)(1). The motion alleged that over 180 days expired without appellant having been afforded his right to a speedy trial and that appellant was continuously available for trial.
On October 2, 1978 the trial court denied the motion to discharge. Thereupon, appellant entered a plea of nolo contendere, specifically reserving his right to appeal the court’s motion for discharge. The appellant was tried, convicted and sentenced to a term of incarceration of four and one half months in the Dade County stockade with a special recommendation for work furlough privileges.
Appellant contends that the trial court erred in denying the motion for discharge.. We agree and reverse.
In Bembry v. State, 372 So.2d 177 (Fla. 3d DCA 1979) this court said:
“[T]he fact that an appellate decision in another case may be helpful in the disposition of the present case is not an ‘exceptional circumstance’ contemplated by Florida Rule of Criminal Procedure 3.191(a)(2).”
For the reason stated and based upon the authority cited, we reverse the judgment of conviction and remand with directions that the appellant be discharged.
Reversed and remanded with directions.