PER CURIAM.
This appeal involves an issue relating to Fla.R.Crim.P. 3.191, speedy trial. Just prior to trial on two informations consolidated for trial the court entered an order suppressing evidence. An interlocutory appeal followed and this court ultimately reversed the ruling and remanded the case for trial. During the pendency of the interlocutory appeal the state moved to extend the speedy trial limitations and motion was granted prior to the reversal of the order of suppression.
Upon remand the defendants moved for discharge under the speedy trial rule. The motions were granted and the state appealed from the orders of discharge; this court reversed the trial court.
The defendants again moved for discharge, asserting that at no time since the issuance of the mandate or the motion to discharge had the state requested an extension of time in order to prosecute an interlocutory appeal, nor had a valid order been issued extending the limits of speedy trial. The motions were granted and the state again appealed.
The narrow issue presented is whether the state was required to obtain an order extending the time under the speedy trial limitations when it appealed the first orders of discharge. The state relies on State v. Pearce, 336 So.2d 1274 (Fla.1st DCA 1976), which dealt with a final order dismissing an information. In its order granting the motions to discharge the trial court depended upon State v. Cannon, 332 So.2d 127 (Fla.4th DCA 1976) and Jenkins v. State, 349 So.2d 1192 (Fla.4th DCA 1977), both cases considering an interlocutory appeal from an order suppressing evidence.
Since the above decisions the supreme court in State v. Barnett, 366 So.2d 411 (Fla.1978) was faced with the question of whether or not it was necessary for the state to apply for an extension of the speedy trial time limits when it wished to take an appeal from an erroneous trial court order granting the discharge of a defendant under the rule. Therein it was stated that
*984 We agree with the district court that the speedy trial rules are silent with regard to whether the state must apply for an extension when it wishes to appeal an erroneous order of the trial court discharging a criminal defendant from prosecution under the speedy trial rule. However, we find that there are sufficient policy considerations distinguishing appeals taken by the state following a trial court’s order discharging a defendant under the speedy trial rule provisions from all other types of appeals taken by the state in criminal cases. Generally, a motion for discharge will be filed immediately prior to the commencement of trial. In most cases, there will be little or no time left under the original 180 days, so that any extension of time would be meaningless. Further, the delay caused by such an erroneous discharge has in no way been predicated upon some error or misjudgment made by the prosecution. The speedy trial time limits are not automatically tolled upon the filing of an interlocutory appeal by the state under other circumstances because we do not wish to encourage prosecutors to file interlocutory appeals solely for the purposes of delay.
Rather, the state must also file for an extension of time, and prove to the trial court that such an appeal is not frivolous, nor taken solely for the purposes of delay. This policy consideration is inapplicable to appeals taken by the state from erroneous orders discharging defendants from prosecution.
In the present case, the trial court improperly granted the defendants’ motions for discharge.
Id. at 417.
The court having improperly granted the defendants’ motions to discharge, the consolidated causes are remanded to the trial court, to be brought to trial within a reasonable time after mandate, not to exceed 90 days.
MOORE and HERSEY, JJ., and LAMAR WARREN, Associate Judge, concur.