PER CURIAM.
The defendant Sammie Foster pled nolo contendere to an information charging him with robbery, aggravated assault, carrying a concealed firearm, possession of a firearm by a convicted felon while engaged in a criminal offense and resisting an officer without violence. He reserved the right to appeal the denial of his motion for discharge pursuant to the speedy trial rule.
The defendant was taken into custody on April 1, 1978. After arraignment and before trial, the State moved to extend the time for speedy trial. The motion was made on July 13, 1978, and alleged the unavailability of a witness. Judge Paul Baker granted^, the motion and signed an order which stated:
“ORDERED that the foregoing Motion is granted and the period of time established by the Florida Rule of Criminal Procedure 3.191 for trial is extended to and including_”
The judge did not fill in a date at the end of the sentence quoted.
The defendant argues that Judge Baker extended the speedy trial time only until November 27 and announced that the case must be tried at that time or dismissed. There is no record of Judge Baker’s remarks. The State conceded at the argument on the motion for discharge that Judge Baker had intended to make November 27 the last day of the extension.[1]
The motion for a discharge was heard before another judge because of Judge Baker’s unfortunate illness from which he subsequently died. The court denied the motion for discharge.[2]
*1083 We affirm. The allegation that the speedy trial time was extended to a day certain on which the defendant must be tried or discharged is not supported by the record. It does not appear that this case was, set on the trial docket for a day certain. If the formal order had been completed with the date that both attorneys remembered (November 27th), the failure to try the defendant on that day would not have resulted in his discharge because there remained a portion of the 180 days allowed by the rule. The order extending the time tolled the running of the speedy trial period. See the legal principle in Mullin v. State, 307 So.2d 829 (Fla. 3d DCA 1974); and Esperti v. State, 276 So.2d 58, 64 (Fla. 2d DCA 1973). Between April 1 and July 13, 102 days expired. On November 27th, 78 days remained. Defendant pled nolo contendere on November 29th.
Affirmed.

. “MR. SIEGEL: . Judge Baker specifically extended Speedies, I believe, until November 27th. Now it is November 29th. The problem arose obviously from the judicial seminar. It is all mixed up. Apparently it was never picked up by me. We ask that the Speedies be continued. We have a witness in the hospital and also this judicial seminar with Judge Baker not aware of it, I ask for extenuating circumstances, that Speedies should be extended.”

. “THE COURT: Motion for discharge is denied. The Court finds that in cases in Judge Baker’s division there have been exceptional circumstances. In the intervening period between July when this case was set specially by Judge Baker for November 27th, Judge Baker has had some serious problems with an appendectomy. Judge Baker is still unable, unavailable to be present. I cannot tell when Judge Baker will be back, permanently back on the Bench. I am not going to discharge you. You may get discharged—
“MR. KERSHAW: We hope to, Your Honor.
*1083 “THE COURT: —in the District Court of Appeal, but I am not going to discharge Defendants on cases where Judge Baker’s illness has caused confusion and has caused a problem. I will not do it.”