389 So.2d 971 (1980)
STATE of Florida, Petitioner,
v.
Leo JENKINS, Respondent.
No. 52484.
Supreme Court of Florida.
July 24, 1980.
*973 Jim Smith, Atty. Gen., and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Frank B. Kessler, Chief Asst. Public Defender, West Palm Beach, for respondent.
OVERTON, Justice.
This is a petition for writ of certiorari to review a decision of the Fourth District Court of Appeal, reported at 349 So.2d 1192 (Fla. 4th DCA 1977). The issue concerns the proper application of the existing speedy trial rule[1] after an interlocutory appeal has been filed by the state. The instant case relied on the decisions of Cannon v. State, 332 So.2d 127 (Fla. 4th DCA 1976), and Mullin v. State, 307 So.2d 829 (Fla. 3d DCA 1974). We find these decisions conflict with State v. Smail, 346 So.2d 641 (Fla. 2d DCA 1977), and State v. Pearce, 336 So.2d 1274 (Fla. 1st DCA 1976). There is not only irreconcilable conflict but also confusion on the proper application of the speedy trial rule when there has been an appeal. We have jurisdiction.[2]
The Fourth District Court of Appeal in the instant case and in Cannon and the Third District Court of Appeal in Mullin held that the existing Rule of Criminal Procedure 3.191(d)(2) requires a trial court to extend or toll the speedy trial period under those circumstances enumerated in the rule.[3] Further, the Cannon court rejected the contention that section 924.071(2), Florida Statutes, grants the state an automatic stay, reasoning:
[I]t is obvious that the portion of Fla. Stat. § 924.071(2), which provides for an automatic stay during the pendency of such an appeal has been superseded by the provisions of the rule... . A contrary ruling would mean that the state could automatically deprive a defendant of the benefits of the Speedy Trial Rule, which did not exist when Fla. Stat. § 924.071(2) was adopted, merely by filing an appeal from an order of suppression and without any judicial determination that the appeal was not frivolous or had not been taken simply for the purpose of securing such a delay.
332 So.2d at 127. The Mullin court agreed with the Second District Court of Appeal in Esperti v. State, 276 So.2d 58 (Fla. 2nd DCA 1973), and held that extensions are to be granted, not presumed, and that the court order, not the circumstances, tolls the speedy trial rule.
On the other hand, both the Second District Court of Appeal in State v. Smail and the First District Court of Appeal in State v. Pearce held that an interlocutory appeal filed by the state pursuant to section 924.071 automatically tolls the speedy trial time, and consequently no trial court order is necessary. The Pearce court rejected the argument that rule 3.191(d)(2) superseded the automatic stay provisions of section 924.071, as adopted by Florida Appellate Rule 6.3.b., and stated:
[T]he speedy trial rule's provisions . . may be seen as having a purpose . . *974 to permit the trial court to grant or deny an extension of the speedy trial period and a stay of the trial when the State proposed an interlocutory appeal in circumstances justified by § 924.07 but not by § 924.071(1). [Footnote omitted.]
336 So.2d at 1277.
We disagree with the interpretation stated in Smail and Pearce that section 924.071(2) automatically stays the right to a speedy trial. Neither a rule of this Court nor an act of the legislature can change the constitutional right to a speedy trial. It is our view that existing rule 3.191(d)(2) and section 924.071(2) do not contradict each other. They each concern different matters. Section 924.071(2) is confined to the automatic staying of trial court proceedings when the state appeals certain pretrial orders. The staying provisions of this section do not concern or even refer to the tolling of the speedy trial time. This holding is in accordance with our prior decisions in Tucker v. State, 357 So.2d 719, 720 n. 6 (Fla. 1978), and Carroll v. State, 251 So.2d 866 (Fla. 1971). The manner of suspending the running of the speedy trial time during a state appeal is a question for the trial court. Our present rule recognizes that the trial judge has the sole responsibility for determining whether a defendant has been guaranteed his constitutional right to a speedy trial. The trial judge is in the best position to make certain under the individual facts of the case that an extension of time will not deprive the defendant of this constitutional right to a speedy trial. We note that the purpose of our procedural speedy trial rule is to ensure (1) the effective implementation of a defendant's constitutional right to a speedy trial, and (2) the effective and expeditious prosecution of criminal offenses.
To avoid further confusion, it is necessary that we specify the effect that the various appellate actions have upon the speedy trial rights of defendants under the existing rule.

Appeals by the State
When the state files an interlocutory appeal or an appeal from a dismissal of an indictment or information, the state must request an extension of the speedy trial time period in accordance with rule 3.191(d)(2). In ruling on the request, the trial court's only responsibility is to ensure that an extension does not violate the defendant's constitutional right to a speedy trial pursuant to the standards set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The trial court should liberally allow requests for extension, and, when entering its order, it should provide a reasonable time period for the state to proceed to trial upon completion of the appeal. The trial court should deny a request only when the defendant affirmatively shows that his right to a speedy trial under the Barker standards is constitutionally prejudiced by the extension.
There are three ways that orders granting extensions have been entered and each has a different effect. First, if the trial court's order grants an extension for the period of the appeal but is silent as to the time when the defendant must be brought to trial after the appellate court's mandate, then the state must try the defendant within the time remaining as of the date of the notice of appeal of the original ninety-day or 180-day period. This is consistent with our decision in State v. Williams, 350 So.2d 81 (Fla. 1977). In Williams 135 days of the 180 days under the speedy trial rule had elapsed when the state filed an appeal. The trial court ordered a stay of the speedy trial rule but only "for the period of time necessary to complete appellate procedures... ." Id. at 82. When the trial was not commenced within forty-five days after issuance of the appellate court's mandate, we held the defendant was entitled to a discharge under the order entered by the trial judge.
Second, if the trial court grants an extension for the period of the appeal plus "a reasonable period after issuance of the appellate mandate" without specifying the number of days, the time period under rule 3.191(a) is not controlling, and only the constitutional test of reasonableness is applied *975 under the existing rule. The ninety-day period under rule 3.191(g) as it presently exists does not apply since the defendant is not being "tried again." This provision, however, has been changed effective January 1, 1981, and the ninety-day period under the new rule 3.191 will be applicable to state appeals.
Third, it is our view that the best practice in granting an extension under the present rule is for the trial court to specify the number of days, preferably ninety days, from the date of receipt of the appellate mandate as the time period in which the defendant must be brought to trial. It is important for the trial court to let both sides clearly know the period in which the case must be tried, and ninety days is the allowed period under the new rule 3.191(g) effective January 1, 1981.

Retrials and Appeals of a Defendant
First and foremost, it should be understood that any appeal by a defendant terminates the mandatory speedy trial period set forth in Rule of Criminal Procedure 3.191(a)(1) without the necessity of any action by the state to terminate or extend the speedy trial period.
When a defendant takes an interlocutory appeal, a remand for trial requires only that the state try the defendant within a reasonable time in accordance with constitutional standards.
The situation changes, however, when a defendant is to be retried as a result of a mistrial or the granting of a new trial by either trial court or appellate court action. In these instances, the provisions of the existing Rule of Criminal Procedure 3.191(g) are applicable and require the state to try the defendant within ninety days from the date of the appropriate court order. This is consistent with the new rule 3.191 effective January 1, 1981.

Affirmative Demand of Defendant
It must be recognized that in each of these circumstances  appeal by the state, appeal by the defendant, and retrial for the defendant  the sixty-day demand provision in rule 3.191(a)(2) is never terminated and remains an option always available to a defendant who can affirmatively state he is ready for trial after the appellate court enters its mandate or the trial court directs a new trial. It not only guarantees a defendant an opportunity for an expeditious trial date, but also avoids the necessity for a court determination of reasonableness when this standard is to be applied for speedy trial purposes. Further, when no specific time period is prescribed by order or rule and the constitutional reasonableness test is applicable, a defendant seeking a discharge on the grounds the state has failed to bring him to trial within a reasonable time must realize that his failure to use this rule provision is a factor which the trial court may take into consideration in determining the unreasonableness of any delay. See Butterworth v. Fluellen, 389 So.2d 968, No. 57,385 (Fla. July 24, 1980).

The Instant Case
In the instant case, the trial court granted a pretrial motion to suppress evidence. The state filed an interlocutory appeal and further specifically requested and was granted a six-month extension on the time for speedy trial. The state prevailed in the district court, which reversed the trial court's order, but in so doing used up the entire six months, issuing its mandate more than six months after the date of the extension order. The defendant moved for a discharge for failure to commence the trial within the six-month extension period. The trial court denied the motion for discharge. The district court reversed and ordered the trial court to enter an order for discharge.
We find we must affirm the district court's decision to discharge this defendant under the circumstances of this cause. The six-month extension period requested and received by the state began to run from the date of the extension order rather than from the date of the issuance of the appellate mandate. Under the terms of this *976 order, it was the state's responsibility to secure an additional extension as the end of the six months approached. Regrettably, the state made no such effort, and failure to do so mandates discharge of this defendant because there was a clear violation of the terms of a specific order.
For the reasons expressed, we approve the district court's discharge of this defendant. The guidelines set forth in this opinion should help avoid the recurrence of this type of problem in cases under the existing rule. We emphasize that the new rule effective January 1, 1981, modifies and amends rule 3.191(g) and provides an express, uniform ninety-day period within which a defendant must be brought to trial after various appellate proceedings by either the state or defendant, or to retrial because of a mistrial or an order granting a new trial. We recommend that in granting extensions under the existing speedy trial rule when the state is seeking an appeal, trial judges should set forth a ninety-day period in which the state must bring a defendant to trial after notice is received by the trial court of the issuance of an appellate mandate. This ninety-day period is consistent with the new rule, and the establishment of this time period in the order could avoid possible confusion and unnecessary litigation.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD and ENGLAND, JJ., concur.
ALDERMAN, J., concurs in the result only.
NOTES
[1] We modified Florida Rule of Criminal Procedure 3.191 on July 18, 1980, to be effective January 1, 1981. In re Rules of Crim. P., No. 58,988 (Fla. July 18, 1980).
[2] Art. V, § 3(b)(3), Fla. Const.
[3] The existing Florida Rule of Criminal Procedure 3.191(d)(2) reads as follows:

When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pretrial motions, for interlocutory appeals, for an appeal by the State from an order dismissing the case, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused.