McDONALD, Justice.
The state seeks certiorari review of a decision of the Third District Court of Appeal [1] which discharged respondent from prosecution because he, a defendant charged with grand theft under section 812.014, Florida Statutes (1977), was not brought to trial within 180 days of his arrest. Recognizing that the circumstances differ somewhat from those in State ex rel. Sheppard v. Duval, 287 So.2d 370 (Fla.3d DCA 1973), we perceive conflict and accept jurisdiction.[2]
Before trial Carter moved to dismiss the information claiming that the statute under which he was charged is unconstitutional. Rather than ruling on the motion the trial judge granted a stay of proceedings and tolled the speedy trial period, stating:
Previous to this case, several Circuit Judges of the Eleventh Judicial Circuit of Florida have dismissed Informations on the grounds that the Grand Theft Statute, Section 812.014, Florida Statutes (1977), is unconstitutional. The State of Florida is appealing those decisions and those appeals are presently pending before the Florida Supreme Court.
Each appeal involves a significant expense of judicial resources and requires a filing fee in the amount of $75.00. The Court finds that the expense of manpower and financial resources need not be continuously made since an ultimate decision concerning the constitutionality of the Theft Statute will result from the presently pending appeals.
Based upon the foregoing, it is,
ORDERED AND ADJUDGED that all proceedings concerning the Grand Theft charge in the instant case are stayed and that the speedy trial period is tolled until the final mandate of the Supreme Court is issued which resolves the constitutionality of the Theft Statute, Section 812.-014, Florida Statutes (1977).[3]
Florida Rule of Criminal Procedure 3.191(d)(2) authorizes the trial court to extend the time established for trial by rule 3.191(a)(1) on the court’s own motion or on motion of either party, if exceptional circumstances exist. “Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court.” Fla.R.Crim.P. 3.191(f). The court’s justification for the instant extension is not invalid merely because it is not one of the exceptional circumstances enumerated in rule 3.191(f). State ex rel. Girard v. McNulty, 348 So.2d 311 (Fla.1977).
Florida courts have strictly adhered to the procedures delineated in rule 3.191 governing the security of an accused’s right to a speedy trial. See, e. g, Stuart v. State, *681 360 So.2d 406 (Fla.1978); Allen v. State, 275 So.2d 238 (Fla.1973); State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978); Jenkins v. State, 349 So.2d 1192 (Fla. 4th DCA 1977); State v. Jones, 332 So.2d 699 (Fla. 1st DCA 1976); State v. Cannon, 332 So.2d 127 (Fla. 4th DCA 1976); Mullin v. State, 307 So.2d 829 (Fla. 3d DCA 1974), cert. denied, 317 So.2d 761 (Fla.1975); Riggins v. State, 301 So.2d 124 (Fla. 1st DCA 1974); Pouncy v. State, 296 So.2d 625 (Fla. 3d DCA 1974).
We recently ruled that a state’s appeal does not automatically toll the speedy trial time and placed on the trial court the responsibility for guaranteeing a defendant his constitutional right to a speedy trial. State v. Jenkins, 389 So.2d 971 (Fla.1980). We have also stated that a defendant’s motion for a continuance does not relinquish all of the defendant’s rights to a speedy trial. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980).
The issue in this case has not been addressed previously by this Court. That issue is whether multiple trial court rulings declaring a new criminal statute unconstitutional present an exceptional circumstance which would allow a trial judge to toll the speedy trial period until the constitutionality of the statute is decided by the appellate courts. We hold that this situation presents a proper exceptional circumstance and that the trial judge justifiably tolled the speedy trial period.
We accept the rationale of Bembry v. Gable, 372 So.2d 177 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 757 (Fla.1980), that a trial judge’s desire to receive helpful advice from an appellate court is not sufficient in and of itself to justify an order extending the speedy trial period. Nevertheless, when there has been a massive assault against a statute under which a defendant is charged and an appellate decision is imminent, an exceptional circumstance exists to authorize a trial judge, in his discretion, to grant an extension of time for a defendant to be brought to trial under that statute.
The decision of the Third District Court of Appeal is quashed, and the case is remanded to that court for further proceedings consistent with this opinion.
It is so ordered.
ADKINS, OVERTON and ALDERMAN, JJ., concur.
BOYD, J., dissents with an opinion with which SUNDBERG, C. J., and ENGLAND, J., concur.

. Carter v. State, 374 So.2d 1063 (Fla.3d DCA 1979).

. Art. V, § 3(b)(3), Fla.Const. (1972).

. This Court upheld § 812.014 in State v. Allen, 362 So.2d 10 (Fla.1978).