## CUSANELLI v STATE OF FLORIDA
### Case No. 84-0062AC
Seventeenth Judicial Circuit, Broward County
August 26, 1985

### APPEARANCES OF COUNSEL

**Dan Bass** for appellant.

**James P. McLane** for appellee.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

A. *Statement of Facts*

Appellant, who was arrested on May 21, 1984, for the offense of driving while under the influence, simple battery and possession of cannabis was scheduled for trial before County Court Judge Shutter on August 20, 1984, the last day of speedy trial. Neither the State nor the accused had moved for a continuance prior to or on August 20, 1984 and thus there had been no waiver of the statutory speedy trial period.

On July 3, 1984, Appellant filed a Motion to Suppress Breathalyzer and a Motion to Suppress Evidence of Chemical Test. On August 17, 1984, Judge Shutter *sua sponte*, and prior to the swearing in of the trial jury panel terminated the hearing on that day and stated:

"What I am going to do in this case is I am going to continue the hearing further. I am going to toll speedy because I believe speedy is 'Good-bye' today. I think today is the day and we're going to—I'm going to toll speedy pending the outcome of the motion."

No jury panel was sworn in on August 20, 1984. On September 5, 1984, at a hearing on a Motion for Discharge, Judge Shutter denied this motion on the apparent premise that exceptional circumstances existed to extend the speedy trial period to wit; the fact that the Court was in the middle of and had not completed the pretrial motions on the last day of speedy trial. This situation the Court deemed an exceptional circumstance. The Appellant following this ruling entered a no contest plea, specifically reserving his right to appeal the denial of this motion for discharge.

B. *Opinion*

Rule 3.191d(2) sets forth the exclusive reasons in subsections (i)-(iv) why the speedy trial period in this instance, 90 days, may be extended. Since the trial court extended the pertinent period, on its own, and not with the consent of the Appellant or by stipulation of the parties to the action, subsection (ii) sets forth the only potential basis upon which the extension could be legally justified. That subsection allows the Court by written or recorded order on its own motion to initiate an extension based upon the exceptional circumstances set forth in Section(f) of Rule 3.191. It should be noted that no written order was ever entered by the Court delineating the exceptional circumstances justifying the extension.

None of the six enumerated circumstances set forth in Section (f) contemplate as an exceptional circumstance the basis upon which Judge Shutter tolled speedy trial, to wit, to continue the hearing on the pretrial motions. Significant also is the fact that the extension was for an indefinite period of time without the precise length of extension being noted.

Although as the Appellee points out in citing *State v. Carter*, 397 So.2d 679 (Fla. 1981) the exceptional circumstances enumerated in Section (f) (1)-(6) are not all-inclusive and that a court's justification for extension is not invalid merely because it is not spelled out in Section (f), that provision must be strictly construed in order to preserve the security of an accused's right to a speedy trial.

Although this Court can empathize with the lower court's being confronted with a barrage of motions to resolve on the trial date, not having had an opportunity to address them prior to trial, since they

had not been previously set down for hearing, the Appellant nevertheless is entitled and Florida Rules of Criminal Procedure mandate that he must have his trial commenced within 90 days from the date he was taken into custody. This was not done and the basis for indefinitely tolling the speedy trial period articulated by the lower court is not an exceptional circumstance envisioned by Rule 3.191(f). *Newman v. State*, 431 So.2d 168 (Fla. 5th DCA 1983). Therefore the decision of the lower court denying Defendant's Motion for Discharge is hereby reversed, the conviction shall be set aside and the Appellant is discharged.