76 So.2d 147 (1954)
Lester PETERS, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. En Banc.
November 30, 1954.
Finch & Mosley, Clearwater, for appellant.
Richard W. Ervin, Atty. Gen., and John S. Lloyd, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
The appellant was charged with breaking and entering a dwelling "in the nighttime * * * with intent * * * to commit a misdemeanor," was found guilty by the jury and adjudged guilty by the court, and was sentenced to a term of three years in state prison.
The information contained no allegation about the specific crime intended to be committed at the time of the breaking and entering. Obviously the information was framed under Section 810.07, Florida Statutes 1953, and F.S.A., and the trial proceeded accordingly. At the conclusion of the testimony the judge instructed the jury that the information was "drawn and *148 prepared under Chapter 810.07" and that it was therefore necessary for the state to prove the three elements of the offense beyond a reasonable doubt; namely, (1) the breaking and entering in the nighttime of (2) a dwelling house (3) stealthily. Under the cited law the proof of these elements would become prima facie evidence of entering with the intent to commit some misdemeanor "in the absence of proof of intent to commit any specific crime." Cf. Charles v. State, 36 Fla. 691, 18 So. 369, Vawter v. State, Fla., 63 So.2d 255. So to obtain a conviction, establishment of all three factors was indispensable; failure to prove one would be fatal to the state's case.
It was shown that the act occurred at night and that the place entered was the dwelling place of the prosecuting witness, but evidence of stealthiness was lacking. The appellant, an acquaintance of the prosecutrix, was evidently forcing his attentions upon her but it is plain from the record that his attempted conquest was more artless than stealthy. It is difficult to imagine how the appellant could have given more or more varied alarms that he proposed to go into the girl's apartment.
We turn to her testimony for a description of his actions. He rang the door bell and when she failed to answer "he kept ringing * * * and he said he wanted to come in and talk to him [sic], to give him a chance." In the conversation, through the closed door, he told her she had been "on his mind" and he wished to talk to her as "he was sure [they] were meant for each other." His entreaties having failed "He walked around the house to see if he could get in." She kept quiet hoping he would go away but he persisted in his efforts to gain an entrance and again started ringing the door bell. Getting no response, he tried both front and back doors; then he kicked out the screen of a door or window in the kitchen and went in.
Without further comment, we say that the testimony of the prosecutrix herself not only fails to prove the third element, but actually disproves it. Cf. Flohr v. Territory, 14 Okla. 477, 78 P. 565, 573; Spencer v. United States, 73 App.D.C. 98, 116 F.2d 801, 802. This disposes of appellant's first two questions.
We do not answer the appellant's third question because in it he challenges the sufficiency of the information which was not attacked in the trial court. As for the other questions, they are either wanting in merit or are rendered unimportant by our conclusion that the appellant was not proved guilty as charged.
The judgment is reversed.
ROBERTS, C.J., and TERRELL, SEBRING, HOBSON, MATHEWS, and DREW, JJ., concur.