BERANEK, Judge.
This is an appeal by a juvenile defendant. The issue on appeal is the sufficiency of the evidence to support the adjudication of delinquency for the crime of burglary. Appellant maintains that unrebutted evidence of his voluntary intoxication presented at hearing negates the specific intent necessary for the crime of burglary. We reverse finding insufficient evidence and conclude that appellant’s motion for directed verdict should have been granted.
*1352 Appellant testified that he and two friends drank two quarts of Southern Comfort, an alcoholic beverage, over the course of an evening. The friends dropped appellant off in front of his house sometime before 11:00 p. m. One friend testified appellant was “pretty well drunk” at this time. He went into his house and took off his shirt and shoes. Appellant’s mother testified he said, “I’m looking for my friend, where’s my friend?”, skipping and clicking his fingers at the same time. She testified he had never acted like that before.
A short time later, Frank Barritta, who lived directly across the street from appellant, was awakened by his dog barking. He went into the front Florida room near the front door and saw “a shadow crouched between the table and chair.” In the meantime, his wife called the police. The police came and pulled the “shadow”, who turned out to be defendant, outside.
One officer described appellant as high, staggering and confused. Barritta, the home owner, testified appellant asked where he was. Appellant himself did not remember anything. There was unrebutted testimony that appellant was a friend of Barritta’s daughter and had recently spent time at the house. There was no evidence of damage or breaking to the front door nor evidence of theft or other mischief. Appellant was subsequently charged with entry of a structure with intent to steal in a petition for adjudication of delinquency.
Appellant moved for judgment of acquittal at the close of State’s case arguing that his intoxicated state negated the element of intent to steal contained within the particular charge of burglary. The court denied the motion. Renewed motions were denied at the close of all evidence. The trial court stated, “Frankly speaking, I think you were too drunk to know what you were doing, but you did something, and that’s what I have to deal with.”
J.D.Z., the juvenile defendant, appeals his adjudication of delinquency maintaining the evidence of intent to steal was insufficient. The State relies upon Section 810.07, Florida Statutes (1979), which provides:
In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.
We find no evidence of stealthful entry. See Peters v. State, 76 So.2d 147 (Fla.1954). Furthermore, the evidence of intoxication was overwhelming and apparently accepted by the trial judge. Any intent presumed from the statute above was thus rebutted by the evidence presented at trial. Although appellant may well have been guilty of some other offense, there was not sufficient support for the crime charged.
The adjudication of delinquency is, therefore, reversed.
REVERSED.
MOORE and HURLEY, JJ., concur.