PEARSON, TILLMAN, Associate Judge.
The simple question presented here by appellant Willie Jean Ferrell, defendant below, is whether a'trial court, upon receiving the mandate of a district court of appeal directing a new trial, may extend the speedy trial period for the purpose of allowing the State time to petition the Supreme Court of Florida for certiorari review of the district court of appeal decision. We hold that only by a stay of proceedings pursuant to Fla.R.App.P. 9.310(a) may the trial time be extended for the purpose of further appellate proceedings. See Reno v. Baker, 364 So.2d 538 (Fla. 3d DCA 1978).
This question arose in the following manner. The defendant was convicted of aggravated battery and possession of a firearm during the commission of a felony. On appeal, this court reversed the conviction and remanded the cause for a new trial. The mandate was filed in the trial court and subsequently the State petitioned for a writ of certiorari to review this court’s decision, but did not seek an extension of time for a new trial pursuant to Fla.R.Crim.P. 3.191(g). Two and a half months after the filing of the mandate, the State sought and obtained an extension of the speedy trial period on the sole ground of its pending petition for writ of certiorari to review the decision ordering a new trial.[1] Seven months after the filing of the mandate, the petition for writ of certiorari was denied. Nine months after the filing of the mandate in the trial court, the defendant moved for a discharge pursuant to the speedy trial rule. The motion was denied and the defendant was again convicted, whereupon he brought this appeal urging error in the denial of his motion for discharge.
The interpretation of the rules urged by the appellee State would allow the undue delay of a defendant’s trial upon a petition for writ of certiorari in cases where neither the district court of appeal nor the Supreme Court of Florida found arguable issues of law presented. The rule was obviously intended to provide a restraint by the discretion of the appellate courts in order to limit a stay to those cases where arguable questions of law are presented.[2]
Accordingly, the judgment and sentence are reversed with directions to discharge the defendant.
Reversed.

. See Fla.R.Crim.P. 3.191(f), which does not list certiorari proceedings to review decisions of district courts of appeal as “exceptional circumstances.”

. See Committee Note to Fla.R.App.P. 9.120, which governs certiorari proceedings in the Supreme Court of Florida: “It should be noted that the automatic stay provided by former Rule 4.5(c)(6) has been abolished because it encouraged the filing of frivolous petitions and was regularly abused. A stay pending review may be obtained under Rule 9.310 . . The Advisory Committee was of the view that the district courts should permit such stays only where essential. * * * ”