BERANEK, Judge.
Defendant/appellant seeks reversal of the trial court’s order denying his motion for discharge which was based on speedy trial grounds. In 1977, defendant was charged and found guilty of second degree murder. On appeal, this court reversed and remanded for a new trial because the trial *80 court had failed to give an appropriate jury instruction. Nelson v. State, 371 So.2d 706 (Fla. 4th DCA 1979). This court’s mandate was filed with the trial court on July 23, 1979. On August 3, 1979, the state filed a petition for certiorari seeking review before the Florida Supreme Court and on August 8, 1979, the state filed a motion in the trial court to extend speedy trial time pursuant to Florida Rule of Criminal Procedure 3.191. The trial court granted a ninety-day extension to the state in which to try the defendant subsequent to the Supreme Court’s ruling on the state’s petition for certiorari. On February 19, 1980, the Supreme Court denied the petition for certiorari without opinion. The case was set for trial before the Circuit Court on April 22, 1980, and on that date appellant/defendant filed a motion for discharge contending that speedy trial time had run and that the trial court had improperly extended said period by its earlier order. After this motion for discharge was denied, defendant pled nolo con-tendere to the charge of manslaughter reserving his right to appeal denial of his motion for discharge. We affirm.
The issue is whether the trial court properly granted the motion to extend speedy trial time. Defendant relies upon the case of Ferrell v. State, 385 So.2d 120 (Fla. 3d DCA 1980). Ferrell holds that, for the purpose of further review before the Supreme Court, speedy trial time may be extended only at the discretion of the district courts by a stay of proceedings pursuant to Florida Rule of Appellate Procedure 9.310(a) and not by the trial court pursuant to Florida Rule of Criminal Procedure 3.191(g). We disagree with the Ferrell decision and certify the result herein to be in conflict with Ferrell. We conclude that the trial court has jurisdiction to consider an extension of time pending resolution of certiorari or a petition for review to the Supreme Court. We believe this to be an appropriate exceptional circumstance within the meaning of Rule of Criminal Procedure 3.191(d)(2) and 3.191(f). Further, in State ex rel. Girard v. McNulty, 348 So.2d 311 (Fla.1977), the Supreme Court held that the list of exceptional circumstances stated in the speedy trial rule was not all inclusive and that sub-section (f) should be given a broad interpretation. Based on the above, we affirm the order of the trial court.
AFFIRMED.
HERSEY, J., and WARREN, LAMAR, Associate Judge, concur.