414 So.2d 505 (1982)
James NELSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 60944.
Supreme Court of Florida.
April 1, 1982.
Rehearing Denied June 21, 1982.
*506 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
The Fourth District Court of Appeal, in its decision reported at 399 So.2d 79 (Fla. 4th DCA 1981), certified direct conflict with the decision in Ferrell v. State, 385 So.2d 120 (Fla. 3d DCA 1980). We have jurisdiction under article V, section 3(b)(4), Florida Constitution (1980). The issue is whether a trial court, after receiving a mandate from a district court directing a new trial in a criminal case, has the authority to extend speedy trial time under Florida Rule of Criminal Procedure 3.191 when the state seeks review in the Supreme Court of the district court's decision. The Nelson decision holds that the trial court has such authority under rule 3.191, while the Ferrell court holds that only the district court or the Supreme Court may suspend operation of the speedy trial requirement by issuing a stay of mandate under Florida Rule of Appellate Procedure 9.310(a). For the following *507 reasons, we approve the Nelson decision and disapprove the contrary holding in Ferrell.
In the instant case, the district court of appeal reversed petitioner's 1977 conviction for second-degree murder and remanded the cause for a new trial. After the mandate was filed in the trial court, the state filed a petition for certiorari to this Court and, five days later, moved the trial court to extend the speedy trial time pursuant to rule 3.191(a). The trial court granted an extension of 90 days from the issuance of the Supreme Court's mandate. The petition for certiorari to this Court was subsequently denied and the trial court set the trial for a date falling within the extension period. On the day set for trial, petitioner moved for discharge, alleging that the speedy trial period had run because the trial court's extension was improper. After the trial court denied the motion, the defendant pleaded nolo contendere to the charge of manslaughter, reserving his right to appeal the denial of his motion for discharge.
On appeal, the Fourth District Court of Appeal affirmed the denial of the motion, finding that the trial court could properly extend the time under the speedy trial rule when a petition for certiorari or review has been taken to the Supreme Court. The district court concluded that the filing of such a petition is an appropriate exceptional circumstance within the meaning of rule 3.191(d)(2) and (f). Conversely, the Third District Court of Appeal in Ferrell held that, when review is sought in the Supreme Court, the running of the speedy trial time may be suspended only by a stay of mandate issued by a district court or the Supreme Court pursuant to appellate rule 9.310(a) and that the trial court has no authority to extend the speedy trial period under criminal rule 3.191. In so holding, that court clearly implies that a stay of mandate and an order extending speedy trial time are the same. We reject that view.
In State v. Jenkins, 389 So.2d 971 (Fla. 1980), we distinguished between a stay and an extension of the right to a speedy trial, stating that "[t]hey each concern different matters." We emphasize the difference between the tolling of the speedy trial time by the trial court under the speedy trial rule and the entry of a stay of mandate by an appellate court. An extension of the speedy trial period affects only the date of trial, and all other proceedings, such as discovery and the filing and disposition of motions, may continue. However, if a stay is entered, all proceedings in the cause are effectively terminated. The action by the trial court in extending the speedy trial time under criminal rule 3.191 does not affect the power of either the district court or the Supreme Court to enter a stay of the entire proceedings if either court determines that action is appropriate under appellate rule 9.310(a).
The Ferrell decision also seems to imply that the trial judge is not the proper person to determine if an extension should be granted when review is sought in the Supreme Court because the trial judge might improperly grant an extension. In the Jenkins opinion, we noted that all motions for extensions of speedy trial time are to be made in the trial court:
The manner of suspending the running of the speedy trial time during a state appeal is a question for the trial court. Our present rule recognizes that the trial judge has the sole responsibility for determining whether a defendant has been guaranteed his constitutional right to a speedy trial. The trial judge is in the best position to make certain under the individual facts of the case that an extension of time will not deprive the defendant of this constitutional right to a speedy trial. We note that the purpose of our procedural speedy trial rule is to ensure (1) the effective implementation of a defendant's constitutional right to a speedy trial, and (2) the effective and expeditious prosecution of criminal offenses.
389 So.2d at 974. See also Tucker v. State, 357 So.2d 719, 720 n. 6 (Fla. 1978), and Carroll v. State, 251 So.2d 866 (Fla. 1971). We reaffirm our holding that the trial judge *508 has the responsibility to rule on speedy trial extensions, taking into account the individual facts of each case in making the determination of whether the extension would deprive the defendant of his constitutional right to a speedy trial, as set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
We interpret the term "for appeals by the State," under criminal rule 3.191(d)(2), to include all appellate applications made by the state, and we find that such an application may constitute an "exceptional circumstance" under rule 3.191(f), depending on the facts and legal issues involved in a particular case. The fact that the state has sought review in this Court of a district court decision does not, however, automatically entitle the state to an extension of the speedy trial period. The defendant must be afforded an opportunity to present evidence and argument at a hearing to demonstrate that he would be prejudiced by an extension. This is the same standard we set forth in Jenkins. In the instant case, we find nothing in the record to show that petitioner was prejudiced or deprived of his constitutional right to a speedy trial.
We approve the decision of the Fourth District Court of Appeal in Nelson v. State, and disapprove the decision of the Third District Court of Appeal in Ferrell v. State.
It is so ordered.
BOYD, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
SUNDBERG, C.J., and ADKINS, J., dissent.