OTT, Chief Judge.
The State of Florida appeals an order discharging appellee. We reverse.
Appellee was originally convicted of burglary, sexual battery, and robbery. An ap *927 peal to this court resulted in reversal of the convictions, and the- cause was remanded for new trial. White v. State, 407 So.2d 247 (Fla. 2d DCA 1981). After issuance of our mandate on January 13, 1982, the state filed a notice of discretionary review in the supreme court and moved this court for a stay of the mandate and an extension of speedy trial, requesting in pertinent part:
WHEREFORE, the State seeks withdrawal and stay of mandate and a stay and extension of speedy trial of 90 days from the Florida Supreme Court’s disposition hereof.
(Emphasis added.) In response thereto this court, on February 18,1982, issued an order stating that “said motion is hereby granted until disposition of the petition for discretionary review by the Florida Supreme Court.”
The supreme court denied the state’s petition for discretionary review, and said denial was received by the circuit court on May 10, 1982.
Appellee’s motion for discharge alleging that speedy trial had expired was filed on July 20,1982. The motion was granted, the trial court reasoning that thirty-six days had elapsed from the issuance of our mandate (January 13, 1982) to the date of our order staying speedy trial (February 18, 1982). Therefore, following the supreme court’s denial of review only fifty-four days remained before speedy trial expired, making July 3, 1982, the last day for retrial of appellee.
We admit that our order extending speedy trial is not a model of clarity. However, when viewed in conjunction with the state’s motion and the relief requested therein, our intent that the ninety-day speedy trial period begin to run anew after disposition by the supreme court of the state’s petition for .review becomes clear. Hence, the motion for discharge was filed before the speedy trial period expired on August 8, 1982.
Our sister court was faced with a similar fact situation in State v. Johnson, 320 So.2d 453 (Fla. 3d DCA 1975). Based on Florida Rule of Criminal Procedure 3.191(g), the third district reached the same conclusion as we reach today, and we adopt that court’s analysis.
Appellee argues that this court lacked jurisdiction to extend speedy trial, citing Nelson v. State, 414 So.2d 505 (Fla.1982), for the proposition that only a trial judge can enter an order extending speedy trial. Nelson was decided on April 1,1982, almost two months after our February 18, 1982, order extending speedy trial. At the time this court’s order was entered, there was no clear cut statement of whether, in cases where the state seeks review in the supreme court of a district court opinion, the state should request an extension of speedy trial in the trial court or seek a stay of mandate in the district court which would achieve the same result. Compare Nelson v. State, 399 So.2d 79 (Fla. 4th DCA 1981), with Ferrell v. State, 385 So.2d 120 (Fla. 3d DCA 1980); see also Nelson, 414 So.2d at 506.
Because of our disposition here, we also reverse the denial of the state’s motion to extend speedy trial pending this appeal. See State of Jenkins, 389 So.2d 971 (Fla. 1980). The state shall have ninety days from the date of our mandate in this case within which to bring appellee to trial.
SCHEB and LEHAN, JJ„ concur.