PER CURIAM.
Defendant was convicted and sentenced for trafficking in cannabis. On appeal he contends that he was entitled to be discharged for violation of his right to speedy trial under Fla.R.Crim.P. 3.191. Ten days prior to the expiration of the 180-day period after defendant’s arrest, the trial judge, on his own motion and without a hearing, had extended the speedy trial time by five weeks.[1] After the 180-day period expired *931 but before the expiration of the five week extension, defendant left the jurisdiction for approximately two years. Upon his return, prosecution of him resumed. He filed a motion for discharge under Rule 3.191, which was denied on grounds of defendant’s unavailability for trial, pursuant to Rule 3.191(e). We affirm.
Defendant contends that the trial court could not under Rule 3.191 without a hearing enter an order extending the speedy trial time by reason of exceptional circumstances. We disagree under the facts of this case.
Rule 3.191(f) provides, “The court may order an extension ... where exceptional circumstances are shown to exist.” We believe exceptional circumstances can be obvious and be apparent to the trial court from the record in some cases. We cannot say that the trial court’s perception of exceptional circumstances in this case was an abuse of discretion.
Rule 3.191(f) goes on to state that “exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court.” (Emphasis added.) The rule then says, “Such circumstances include: ... (2) a showing by the State that the case is so unusual and so complex ... that it is unreasonable to expect adequate ... preparation _” (Emphasis added.) The provisions of subsection (f)(2), following the word “include,” are by way of example and do not set forth, or purport to set forth, the exclusive means by which exceptional circumstances due to complexity of a case may be shown to exist.
A speedy trial extension may be granted on the trial court’s own motion. State v. Carter, 397 So.2d 679 (Fla.1981). The defendant argues that, before a trial court may grant a speedy trial extension, the defendant must be given an opportunity at a hearing to show that he would be prejudiced by the extension, citing Nelson v. State, 414 So.2d 505 (Fla.1982). Although Nelson does require a hearing on such a motion when there is pending in the supreme court a petition for review of a district court of appeal’s reversal of defendant’s conviction, we do not believe Nelson should be extended to the case before us. In Nelson the reason for a hearing *932 was “to demonstrate that defendant would be prejudiced by an extension.” Prejudice to a defendant could well be a major factor when a case, as in Nelson, has been through trial court proceedings and an appeal to the district court of appeal. On the other hand, in the case before us, which was still in the initial trial court stage and speedy trial time was extended by the trial court’s order only five weeks past the initial 180-day period, we believe the major determination to be made by the trial court was not as to prejudice to the defendant but was, as Rule 3.191(f) says, as to “substantial justice ... to the state.” Again, we perceive no valid reason why in this case that determination could not be made by the trial court based upon the record before him. Rule 3.191(f) contemplates that the state in a case like this cannot be required to do the impossible in preparing a complex case. Rule 3.191(f) does not require a hearing in every case to determine “exceptional circumstances.” Although, of course, a hearing is required in circumstances like those in Nelson, and hearings are doubtless normally proper, if not necessary, we do not think it would be sound to require a hearing on every determination of exceptional circumstances.
Defendant also contends that his unavailability for trial after the initial speedy trial time had expired was not a waiver of his right to discharge under the speedy trial rule. We disagree.
Under Rule 3.191(e) unavailability “during the term provided for herein” refers to the term as properly extended. Therefore, unavailability for trial within the meaning of that rule during a proper extension under 3.191(f) means that a defendant is not entitled to a discharge. In this case, defendant’s unavailability commenced during the five-week extension of the speedy trial period and continued for two years. Thus, defendant was not entitled to discharge on speedy trial grounds.
AFFIRMED.
OTT and LEHAN, JJ., concur.
GRIMES, A.C.J., concurs specially with opinion.

. ORDER GRANTING EXTENSION OF SPEEDY TRIAL
The Court upon its own motion, by authority of FRCrP 3.191(d)(2)(ii), hereby extends speedy trial in the above captioned cause, due to exceptional circumstances as set forth by FRCrP 3.191(f)(ii) to the date certain of March 2, 1981, and makes the following findings of fact:
1. That this case is extremely unusual and complex in that the Information filed in this cause charges twenty-nine (29) codefendants with a combination of four (4) felonies, including trafficking in cannabis, conspiracy to traffic in cannabis, racketeering and conspiracy to racketeer, with said charges stemming from criminal activity extending over a four (4) year period and encompassing five (5) counties.
*931 2. That the State of Florida has provided defense counsel with the name and address of all persons known to the State having information relevant to the commission of the offenses which said list includes in excess of two hundred (200) witnesses, over four hundred (400) exhibits, and in excess of fifty (50) tape recordings.
3. That some of the physical evidence to be utilized in the prosecution of this cause was acquired by search and seizure in Manatee County, in Broward County, in Hardee County, and in Polk County. In addition some of the physical evidence was acquired as a result of court authorized oral and wire intercepts of communications in Indian River County.
4. That since the arrest of the various defendants, the State, in exercising its duty to continue to investigate new evidence, has discovered numerous witnesses which has made additional information available to the State necessitating the filing of an Amended Information on 5 December, 1980 adding predicate crimes.
5. That the majority of the defendants were arrested on 28 July, 1980 with one defendant being arrested on 4 September, 1980 and two other defendants being arrested on 18 October, 1980; and that the voluminous discovery required to prepare for trial and the attendant problems of all counsel properly reviewing such material, make it unreasonable to expect adequate investigation or preparation within the time periods established by the Speedy Trial rule in addition to the Thanksgiving Day holidays and the Christmas and New Year’s holidays which resulted in a loss of normal work days for the scheduling of depositions and hearings related thereto.
6.That all defendants were offered the opportunity to go to trial on 19 January, 1981, and they declined.
It is, therefore,
CONSIDERED, ORDERED and ADJUDGED that the Speedy Trial be, and the same is hereby extended to the date certain of March 2, 1981.
DONE and ORDERED at Bartow, Polk County, Florida, this the 14 day of January, A.D., 1981.
/s/ Oliver L. Green, Jr. OLIVER L. GREEN, JR. CIRCUIT JUDGE
copies to
Office of the State Attorney
All Defense Counsel of Record