DOWNEY, Judge.
The question involved herein is the effect that a state appeal has on the speedy trial rule where the order extending the speedy trial time fails to specify the amount of time the state has to try the defendant after the appellate court mandate is received. These are consolidated cases involving four persons; however, only appellants Eekard and Elliott are presently involved.
Appellants, Eekard and Elliott, were arrested on April 22, 1978. An order of suppression was granted on October 2, 1978 and the state appealed. On October 13, 1978 the trial court entered an order extending speedy trial time until the “appeal is finally determined.” The Fourth District Court of Appeal affirmed the order of suppression in State v. Brady, 379 So.2d 1294 (Fla. 4th DCA 1980), and thereafter on April 30, 1980, the district court granted a motion to stay its mandate. Certiorari was granted by the Florida Supreme Court and the district court’s decision was affirmed in State v. Brady, 406 So.2d 1093 (Fla.1981). The supreme court denied a motion to stay its mandate.
On January 21, 1982, the district court issued its mandate which was received by the circuit court on January 22, 1982. The state filed a petition for writ of certiorari in the United States Supreme Court, which court denied an application for stay of lower court proceedings. The writ of certiora-ri was granted on March 5,1982, and thereupon the state sought and received an order of the trial court extending the speedy trial time pending resolution of the writ of certiorari in the United States Supreme Court. In December 1982 appellants filed motions for discharge under the speedy trial rule. Said motions were later denied.
Finally, in May 1984 the United States Supreme Court, 467 U.S. 1201, 104 S.Ct. 2380, 81 L.Ed.2d 339, vacated the judgment of the Florida Supreme Court and remanded the case to the Florida Supreme Court, 466 So.2d 1064. The latter court then determined that the order of suppression was improper and remanded the matter to the Fourth District Court of Appeal, which in turn issued its mandate effectuating the decision of the higher courts.
Appellants contend that when the district court affirmed the trial court in State v. Brady, 379 So.2d 1294 (Fla. 4th DCA 1980), and its mandate subsequently issued on January 21, 1982, the trial court had six days remaining after receipt of the mandate to try Eekard and forty days left to try Elliott. Appellees, on the other hand, argue that under rule 3.191(g), Florida Rules of Criminal Procedure (1981), the state had ninety days after receipt of the mandate to try the appellants and, thus, when the trial court extended the speedy trial time on April 12, 1982, the time had not expired.
In our judgment the answer to this speedy trial riddle is to be found in State v. Jenkins, 389 So.2d 971 (Fla.1980). There the supreme court held that theretofore there were three types of orders granting extensions of the speedy trial rule, all having a different effect. The first is an order extending speedy trial without specifying the time when the defendant must be brought to trial after receipt of the appellate court’s mandate. In that situation the state must try the defendant within the time remaining as of the date of the notice of appeal of the original ninety-day or 180-day period. The second type of order is one which specifies “a reasonable time” after receipt of the mandate. This type involves the constitutional test of reasonableness. The third and most favored type is an order which specifies the time after the appellate court mandate is received *452 when trial must begin, preferably ninety days.
The order in the present case is of the first type. Thus, but for rule 3.191(g) we would look to see how many days remained under the speedy trial rule for each appellant when the notice of appeal to the district court was filed. The record shows that Eckard had been arrested for 174 days and Elliott had been arrested for 140 days; the former had but six days remaining and the latter had forty. Thus, were this case to be decided prior to the 1981 amendment to rule 3.191(g) we would be required to hold that the time for trial had long since run and appellants were entitled to discharge. However, the 1981 amendment to said rule makes subdivision (g) applicable to appeals where no trial has been had and it uniformly requires that a defendant be tried within ninety days after receipt of the mandate from the appellate court. Jenkins, 389 So.2d at 976.[1]
When the district court mandate was received by the trial court on January 22, 1982, it had ninety days to try appellants, i.e., it had until April 22, 1982. However, on April 12, 1982, the trial court further extended the time for trial pending resolution of appellant’s petition for writ of cer-tiorari in the Supreme Court of the United States. When the matter was resolved by the United States Supreme Court, this court, in due course, issued its mandate to the trial court on May 31, 1985, and the trial court once again had ninety days to try appellants. Therefore, it appears that when appellants filed this petition for writ of prohibition the speedy trial time had not run and the trial court was not without jurisdiction.
Accordingly, the writ of prohibition is denied.
DELL and WALDEN, JJ., concur.

. Rule 3.191(g) now provides:
A person who is to be tried again or whose trial has been delayed by an appeal by the State or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or otherwise reviewing court which makes possible a new trial for the defendant, whichever is last in time.
See also committee note under rule 3.191(g).