664 So.2d 985 (1995)
Eric FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0600.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Reversed. The trial court gave a preliminary instruction on reasonable doubt identical to the instruction which we held to be fundamental error in Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995), rehearing en *986 banc and certification denied (July 21, 1995), notice to invoke discretionary jurisdiction filed July 26, 1995 (Fla. No. 86,175). A new trial is required.
In addition, on any retrial, no instruction should be given on attempted felony murder, as the supreme court held in State v. Gray, 654 So.2d 552 (Fla. 1995), that the crime of attempted felony murder no longer exists in the state of Florida. Gray must be applied to this case.
Finally, on retrial the trial court should not provide the jury with the stealth instruction, as the entry into the residence in this burglary was anything but stealthy. See Vinson v. State, 575 So.2d 1371 (Fla. 4th DCA 1991); Harrell v. State, 647 So.2d 1016 (Fla. 4th DCA 1994). The testimony revealed that the appellant smashed through the glass door of the home in broad daylight and in the presence of the victims.
Reversed and remanded for proceedings consistent with this opinion.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.