WARNER, J.
Appellant challenges his convictions for attempted first degree murder, attempted second degree murder, and armed burglary with a firearm. His main argument on appeal is that the court erred in denying his motion for discharge based upon a speedy trial violation. We conclude that a continuance was granted, and no speedy trial violation occurred. Accordingly, we affirm appellant’s conviction and sentence.
This is the second appearance of this case in our court. In 1995 we reversed appellant’s first conviction and sentence and remanded for a new trial. See Frazier v. State, 664 So.2d 985 (Fla. 4th DCA), rev. denied, 666 So.2d 145 (Fla.1995), and cert. denied, 517 U.S. 1190, 116 S.Ct. 1679, 134 L.Ed.2d 781 (1996). Because our reversal was based in part on a jury instruction issue raised in Jones v. State, 656 So.2d 489 (Fla. 4th DCA), rev. denied, 663 So.2d 632 (Fla.1995), and cert. denied, 517 U.S. 1150, 116 S.Ct. 1451, 134 L.Ed.2d 570 (1996), for which review was being sought in the supreme court, we initially issued a stay of our mandate but ultimately issued the mandate on November 27, 1995. The state filed a motion to stay the trial court proceedings until the United States Supreme Court ruled upon the correctness of the contested preliminary instruction which had caused the reversal in both Jones and Frazier. On February 1, 1996, the trial court held a hearing to appoint counsel to Frazier and to decide the state’s motion to stay. At the insistence of the assistant public defender who was appearing to represent Frazier until counsel could be appointed, the court appointed Perry Thurston, the special public defender from Frazier’s first trial to represent Frazier for the limited purpose of determining the propriety of a stay order. After .hearing argument, the trial court entered an order granting the motion to stay and stated in the order that “[t]he case is hereby stayed pending the outcome of the State’s petition/appeal to the United States Supreme Court of the above captioned case.”
Subsequently, the case was set for trial on February 26, 1996, the day before speedy trial time would have run from the date of this court’s mandate. Prior to that date, Frazier moved to disqualify the trial judge, and the state moved for an extension of the speedy trial due to the fact that it was still seeking review by the United States Supreme Court. The trial court agreed to enter an extension order on February 1, 1996 but then ended up granting the motion for disqualification on February 26, 1996. The case was reassigned to a new judge, before whom the state filed a motion for extension of time on March 4, 1996, and Frazier filed a notice of expiration of speedy trial time, asserting that there had been no valid extension of the speedy trial time. The state requested that the successor judge enter an extension but also argued that the order of *339 February 1, 1996, staying the proceedings pending certiorari review in the Supreme Court, was an extension of the speedy trial time. The successor judge determined that the state was entitled to an extension of speedy trial for the purpose of completing any and all appropriate appellate remedies.
On May 13, 1996, the Supreme Court denied the state’s petition for writ of cer-tiorari. See Florida v. Frazier, 517 U.S. 1190, 116 S.Ct. 1679, 134 L.Ed.2d 781 (1996). On June 10, 1996, Frazier filed a motion for discharge which was denied. Trial was subsequently commenced, resulting in a mistrial on July 16, 1996. A third trial resulted in the conviction which is the subject of this appeal. Frazier renewed his objection to the purported speedy trial violation at the third trial.
Florida Rule of Criminal Procedure 3.191(m) provides that:
[a] person who is to be tried again or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days from ... the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court that makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p).
In 1980, this rule was amended into its present form, adding the words “or whose trial has been delayed by an appeal by the State or the defendant.” See The Florida Bar, In re Rules of Criminal Procedure, 389 So.2d 610, 615 (Fla.1980). Both parties agree on appeal that the ninety day speedy trial period in Frazier’s case commenced upon the trial court’s receipt of this court’s mandate on November 30, 1995, and would have expired on February 28, 1996 if it was not otherwise extended or waived. Frazier asserts that the trial court did not validly extend the period prior to its expiration, while the state contends that the court extended the period both on February 1, 1996, by virtue of the stay order, and on February 26, 1996, in accordance with the order of extension under Rule 3.191(f)(4).
Rule 3.191(i) provides for the trial court’s extension of the speedy trial period, as permitted by Rule 3.191(i), “when exceptional circumstances are shown to exist.” “Exceptional circumstances are those that as a matter of substantial justice to the accused or the state or both require an order by the court.” Fla. R.Crim.P. 3.1910. Rule 3.191(f) authorizes the trial court to extend the speedy trial period, “provided the period of time sought to be extended has not expired at the time the extension was procured,” under certain enumerated circumstances, including for “appeals by the state.”
In Nelson v. State, 414 So.2d 505, 508 (Fla.1982), the supreme court interpreted the term “appeals by the state” in rule 3.191(d)(2) [now renumbered as rule 3.191(i)(4) ] to include “all appellate applications made by the state,” including petitions for writs of certiorari. The supreme court further held that the filing of a petition for writ of certiorari did not automatically entitle the state to an extension of the speedy trial period; in the absence of a showing of prejudice to the defendant, the trial court could grant an extension of the speedy trial period as an “exceptional circumstance” under Rule 3.191(f) [now renumbered as rule 3.191(2) ]. See id. Although the state’s “appellate application” in Nelson was a petition for writ of certio-rari in the Florida supreme court, neither the Nelson opinion nor any subsequent decision in this state has limited the scope of the term “all appellate applications” such that it would not also otherwise encompass a petition for writ of certiorari to the United States Supreme Court. Indeed, in Eckard v. Trowbridge, 483 So.2d 450 (Fla. 4th DCA 1986), we sub silentio approved an extension of speedy trial *340 based upon the state’s petition for certiora-ri to the United States Supreme Court.
We consider the order of the trial court granting a “stay” of the proceedings pending the outcome of the state’s petition for certiorari in the United States Supreme Court as an extension of the speedy trial time. Frazier’s attorney conceded this very fact by arguing during the hearing that the effect of the court’s stay order would be to “toll his time for the commencement of his trial.” Frazier was given the opportunity to show how he would be prejudiced by a delay, and he failed to convince the court to deny the motion. Consequently, at the second trial, the court correctly denied Frazier’s motion for discharge, which was filed only five weeks after the Supreme Court’s denial of the state’s petition for writ of certiorari. This is so because the state was duly entitled under Rule 3.191(m) to ninety days from the date of the trial court’s receipt of the Supreme Court’s mandate in which to bring Frazier to trial. See id. at 452. We need not address the alternative arguments as to the other orders entered by the court, as we find that the February 1, 1996 order was sufficient to extend the speedy trial time.
In addition to the speedy trial issue, Frazier raises two trial errors. First, he asserts that the trial court reversibly erred in allowing the state to recall him after he had been excused as a witness. Without any citation to case authority, Frazier claims that this is a violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, section 9, of the Florida Constitution. However, this court has repeatedly recognized that the trial court has discretion to grant or deny a request to recall a witness. See, e.g., Perkins v. State, 704 So.2d 619, 620 (Fla. 4th DCA 1997); Louisy v. State, 667 So.2d 972, 973 (Fla. 4th DCA 1996). If Frazier is suggesting that it violates his right not to incriminate himself, he waived that right when he took the stand to testify and became subject to cross-examination on his testimony.
Finally, Frazier argues that the trial court abused its discretion by denying him the right to present surrebuttal evidence. The decision to allow or exclude surrebuttal evidence lies within the sound discretion of the trial court. See Cruse v. State, 588 So.2d 983, 990 (Fla.1991). The trial court determined that the issue on which Frazier sought to present surrebut-tal had been thoroughly covered in Frazier’s testimony. Moreover, Frazier could not reasonably claim that the state’s rebuttal evidence surprised him and thereby necessitated surrebuttal, as it was a verbatim recitation of the rebuttal witness’s testimony from the 1993 trial. We find no abuse of discretion.
Finding that none of the issues raised merit reversal, the conviction and sentence are affirmed.
STONE, C.J., and GROSS, J., concur.