804 So.2d 426 (2001)
Phillip DAUGHTRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4235.
District Court of Appeal of Florida, Fourth District.
October 17, 2001.
Rehearing Denied December 6, 2001.
Carey Haughwout, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant was convicted of aggravated battery, burglary, and resisting without violence, all in connection with his forced *427 entry into his pregnant, former girlfriend's apartment after she threw him out and refused to let him back in. The primary[1] issue on appeal is whether the trial judge erred in giving a jury instruction as to stealthy entry. We affirm.
The evidence showed that during a verbal altercation within her apartment defendant was forced to leave. While she lay in her bedroom crying, defendant broke the window, entered the apartment and proceeded to strike her repeatedly. At trial, the state requested the standard jury instruction on "stealthy entry" used in burglary cases, to which defendant objected.[2] The jury returned a verdict of guilty.
In Vinson v. State, 575 So.2d 1371 (Fla. 4th DCA 1991), we found it fundamental error to give the instruction without evidence of stealth, relying on Peters v. State, 76 So.2d 147 (Fla.1954). The facts in Vinson are all but identical to the present case. In Peters, where the evidence was again indistinguishable with the present case,[3] the trial court instructed the jury that the state was required to prove beyond a reasonable doubt that defendant's entry into the premises was stealthy and then also gave the stealth instruction. The supreme court found that the testimony of the victim "not only fails to prove the [element of stealth] but actually disproves it." 76 So.2d at 148. In Frazier v. State, 664 So.2d 985, 986 (Fla. 4th DCA 1995), once more with all but identical facts, we held that the trial court could not give the stealth instruction because the entry into the residence was "anything but stealthy." So too in Harrell v. State, 647 So.2d 1016 (Fla. 4th DCA 1994), we held that the stealth instruction may not be given where the evidence does not show stealth. Clearly it was error to give the instruction.
The state argues that the error is harmless. In reply defendant does not argue that the harmless error statute[4] cannot be applied to giving the stealth instruction but instead argues that it cannot possibly be harmless beyond a reasonable doubt. Although in Vinson we held it fundamental error to give the stealth instruction without evidence of stealth, that appears more likely related to the holding in Peters where the court essentially found that the state failed utterly to prove an essential element of the crime charged. Under the burglary charge in the present caseand unlike the case in Petersit was not necessary to prove that the entry was stealthy; the state could prove a burglary by an entry without the consent of the owner, whether stealthy or otherwise.[5] Thus we do not believe that Vinson represents a categorical rule that giving the stealth instruction without evidence of stealth is always fundamental error. We *428 therefore proceed to consider whether the error was harmless.
The evidence is clear that defendant knew that she did not want him in her apartment and that, nevertheless, he forced his way back into the premises and proceeded to batter her. If his unlawful entry back into her apartment was not for the specific purpose of beating her, why did the beating follow immediately upon the entry, and why else did he spend so much energy in getting back in? It is fair to say that as to this essential fact the evidence seems awfully one-sided to us. Hence if harmless error analysis were simply a weighing of the state's evidence, we would have to say the jury instruction was harmless error.
But as the court held in Goodwin v. State, 751 So.2d 537 (Fla.1999), proper harmless error analysis is anything but a mere weighing of evidence. In the words of that court: "harmless error analysis...requires appellate courts to first consider the nature of the error complained of and then the effect this error had on the triers of fact." 751 So.2d at 540; see also Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Goodwin added:
"The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction."
Goodwin, 751 So.2d at 541; see also Chapman, 386 U.S. at 24, 87 S.Ct. 824; State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). In the end we must be able to say beyond a reasonable doubt that the error did not affect the verdict. Goodwin, 751 So.2d at 541 ("If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.").
The objectionable instruction was only a part of the charge instructing the jury that the question of intent is subjective and impossible to prove directly. The passage about stealth is primarily an illustration of the truism that intent will be proved, if at all, by indirection and circumstances. Thus the instruction as given essentially told the jury that proof of stealthy entry may justify a finding that the unlawful entry was undertaken with a purpose to commit another felony within the premises. It did not tell the jury that defendant should be considered guilty if he entered stealthily. Moreover, defendant's entry was hardly stealthy, tending to be with "more matter and less art." He broke his way into the apartment in broad daylight by openly smashing a window. There is nothing to suggest that the jury was misled into thinking the entry stealthy.
Considered against the backdrop of the evidence, then, the instruction seems to have conveyed the idea that the issue of defendant's intent in forcing his way in would be found in circumstantial evidence, including how he entered the apartment. That idea is hardly misleading or incorrect, and it is certainly not legally prejudicial to a defendant charged with burglary. In the end we have concluded that the error in giving the instruction was harmless and therefore affirm the conviction.
KLEIN and TAYLOR, JJ., concur.
NOTES
[1] On the other issues raised, we reject defendant's arguments without further discussion.
[2] "Proof of the entering of a structure stealthily and without the consent of the owner or occupant may justify a finding that the entering was with the intent to commit a crime if from all the surrounding facts and circumstances you are convinced beyond a reasonable doubt that the intent existed. The intent with which an act is done is an operation of the mind, and therefore is not always capable of direct and positive proof. It may be established by circumstantial evidence like any other fact in a case."
[3] The supreme court described the evidence as showing that defendant's entry was "more artless than stealthy." 76 So.2d at 148.
[4] See § 924.051(3), Fla. Stat. (2000).
[5] See § 810.02(1), Fla. Stat. (2000) ("`Burglary' means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.").