[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15120
Non-Argument Calendar

_____

D. C. Docket No. 04-60510-CV-ASG

ERIC FRAZIER,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James McDonough, Secretary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 26, 2006)

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Eric Frazier, a Florida state prisoner proceeding pro se, appeals the district court's denial of his petition for habeas relief, brought pursuant to 28 U.S.C. § 2254. At issue in this case is whether Frazier can show per se ineffective assistance of counsel under United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039 (1984). After a thorough review of the record, we conclude that Frazier cannot meet his heavy burden under Cronic. Therefore, we affirm.

Frazier filed a pro se § 2254 petition, alleging, inter alia, Sixth Amendment violations under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), and Cronic in connection with a hearing to stay state trial proceedings.[1]

The facts relating to Frazier's state convictions are as follows: Frazier was charged with attempted murder in the first degree, armed burglary, and aggravated assault. He was found guilty and sentenced in December 1993 to life imprisonment and a concurrent ten-year sentence. Frazier appealed, challenging the jury instructions, and the state court of appeals reversed in part and remanded for a new trial. Frazier v. State, 664 So.2d 985 (Fla. Dist. Ct. App. 1995). The state sought supreme court review of the issue related to jury instructions. The state supreme court denied certiorari, and the state filed for certiorari in the U.S.

---

[1] Frazier filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal.

2

Supreme Court. The state also requested that the state court stay the trial

proceedings pending U.S. Supreme Court review. At the hearing on the motion to

stay proceedings, the public defender, who had a conflict of interest preventing her

from representing Frazier, argued that Frazier was entitled to counsel during the

proceedings. The state attorney disagreed and clarified that he was not seeking to

toll the speedy trial period. The court expressed concern that the state not let the

speedy trial period expire before commencing a new trial. The court then noted

that Frazier's trial counsel, Mr. Thurston, was in the courtroom and appointed him

to represent Frazier for the limited purpose of the hearing. Although Thurston

informed the court that he was unfamiliar with the issues before the court and

requested a continuance, the court denied the request. After a brief recess during

which Thurston was able to confer with Frazier, Thurston objected to the stay on

the ground that it would prejudice Frazier. The court granted the stay, however,

and Frazier moved to disqualify the judge. At the subsequent hearing on recusal,

the state requested an extension of the speedy trial period.[2] The court granted the

motion to recuse and the motion to extend the speedy trial period, explaining that it

used the terms 'tolling' and 'extending' interchangeably, and that the earlier

_____

[2] It does not appear that Frazier was represented by counsel at this hearing at which the state attorney reversed its position on the tolling of the speedy trial period and requested an extension, which it specifically had said it was not seeking during the earlier hearing.

3

motion to stay the trial proceedings encompassed both the stay and the extension of the speedy trial period. The judge appointed to replace the previous judge also ordered a stay of the proceedings pending review. The U.S. Supreme Court ultimately denied certiorari.

After the second trial resulted in a mistrial, Frazier moved to discharge the proceedings, arguing that the speedy trial period had expired and that he had been denied assistance of counsel at the hearing seeking to stay the trial proceedings. At the third trial, Frazier was convicted of attempted murder in the first degree, attempted murder in the second degree, and armed burglary and was sentenced to life imprisonment with concurrent 25-year terms. Frazier's convictions were affirmed on direct appeal. Frazier v. State, 761 So.2d 337 (Fla. Dist. Ct. App. 1999). The state supreme court denied review.

After filing several motions challenging his sentences, Frazier filed a state post-conviction motion under Fla. R. Crim. P. 3.850, challenging, inter alia, ineffective assistance of counsel in connection with the speedy trial extension. The motion was denied and ultimately affirmed on appeal. Frazier then filed the instant § 2254 petition.

Recommending that the petition be denied, the magistrate judge found that counsel had been appointed for the limited purpose of representing Frazier at the

4

stay proceedings, counsel was given time to confer with Frazier, and there was no evidence that counsel's performance was deficient under Strickland. Frazier objected to the recommendation, arguing that he suffered prejudice because counsel failed to conduct meaningful adversarial testing, was given no time to investigate and only a brief time to confer, and counsel was unaware of the facts. The district court adopted the magistrate judge's recommendation, over Frazier's objections, and denied habeas relief because there was no evidence of deficient performance or prejudice.

The district court granted Frazier a certificate of appealability ("COA") on the following issue: "Whether petitioner's trial counsel provided ineffective assistance of counsel per se because his counsel was appointed shortly before the hearing on petitioner's request to extend the speedy trial period?"[3]

On appeal, Frazier argues that the court erred by considering his argument under the standards for ineffective assistance of counsel in Strickland rather than the standard set out in Cronic, and that such analysis was contrary to clearly established federal law. Frazier asserts that the facts of the case establish per se prejudice under Cronic and require reversal.

In examining a federal district court's denial of a § 2254 habeas petition, we

_____

[3] The district court's COA mistakenly indicates that Frazier requested the extension of the speedy trial period.

5

review questions of law de novo and findings of fact for clear error. LeCroy v. Sec'y, Fla. Dep't of Corr., 421 F.3d 1237, 1259 (11th Cir. 2005). "When examining a state supreme court's denial of a state habeas petition, [this court] ask[s] whether the decision was either 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d); Occhicone v. Crosby, 455 F.3d 1306, 1308 (11th Cir. 2006).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." Strickland, 466 U.S. at 686 (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Under the standard set forth in Strickland, to establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and the defendant was prejudiced as a result. Strickland, 466 U.S. at 687. The U.S. Supreme Court, however, has carved out an exception; prejudice need not be shown in certain limited situations in which there is per se ineffectiveness:

> (1) where there has been a 'complete denial of counsel;' (2) where the accused is denied the presence of counsel at 'a critical stage' such as

6

arraignment; (3) '[when] counsel entirely fails to subject the prosecution's case to meaningful adversarial testing;' and (4) where circumstances are so prejudiced against the defendant that competent counsel could not render effective assistance.

Cronic, 466 U.S. at 659-61.

Here, Frazier raises all four instances to establish per se ineffectiveness under the Sixth Amendment.  Upon review of the record, we conclude that there is no merit to Frazier's claim that he suffered a "complete denial of counsel" or that counsel was not present at a critical stage of the proceedings, as the court appointed Thurston to represent Frazier at the hearing.[4]

Considering the remaining situations of per se ineffectiveness, Frazier cannot meet his heavy burden under Cronic.

This court has explained that,

[i]n Cronic, the Court carved out a narrow exception to [Strickland's] general rule that a defendant must demonstrate prejudice: a showing of prejudice is not necessary if there are 'circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.'  Circumstances which would warrant a presumption of prejudice from counsel's ineffectiveness are those where 'the adversary process itself is [rendered] presumptively unreliable [by the circumstances].'

---

[4] As noted above, Frazier did not have counsel present at the second hearing during which the state attorney moved to extend the speedy trial period.  Because Frazier did not have counsel, there was no one to challenge the state on this issue.  However, this concern is beyond the scope of the COA, and, therefore, is not properly before this court.  Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

7

Id. (citing Chadwick v. Green, 740 F.2d 897, 900 (11th Cir. 1984) (citations and footnote omitted)). "[T]he burden of proof under Cronic is a very heavy one." Smith v. Wainwright, 777 F.2d 609, 620 (11th Cir. 1985). In fact, this court has concluded that "Cronic's presumption of prejudice applies to only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." Chadwick, 740 F.2d at 901.

Here, the court appointed counsel for Frazier for the limited purpose of addressing the motion to stay proceedings. Generally, the late appointment of counsel does not rise to the level of the Cronic standard. See Cronic, 466 U.S. at 661-62 (citing Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970)). Moreover, at the hearing, counsel objected to the stay and argued that Frazier would be prejudiced by the delay. There is no evidence that counsel was unable to raise objections or make argument, or that counsel failed to test the adversarial system. Nor is there evidence that the circumstances were so prejudicial that competent counsel could not render effective assistance. Thus, the facts of this case do not meet the heavy burden under Cronic. Accordingly, we AFFIRM.