952 So.2d 638 (2007)
J.A.S., Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-919.
District Court of Appeal of Florida, Second District.
April 11, 2007.
*639 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
J.A.S. appeals an order adjudicating him delinquent for attempted burglary of a dwelling and the resulting disposition. Although the circumstances in this case certainly suggest the possibility that this juvenile intended to burglarize a home, the evidence presented was insufficient to support the adjudication. Accordingly, we reverse the adjudication and disposition.
On September 13, 2005, in the early afternoon during school hours, a man watched two teenage boys walk down a residential street. J.A.S. was one of the boys. He was a former resident of the neighborhood and was frequently seen in the area. While the man watched the two boys through a window in his home, they walked up a driveway to the house across the street.
At the house, J.A.S. jiggled the garage door handle while the other boy went to the front door. Neither boy gained entry to the house. After shaking the handle for approximately five to ten minutes with his back to the street, J.A.S. turned around and leaned against the garage door for another few minutes. While the neighbor continued to watch the boys, they stayed in front of the house for at least another ten minutes and then simply walked down the street. The boys did not run or appear excited. All of the boys' actions were done in broad daylight, in full view, and facing the street. Neither juvenile made an effort to conceal his actions or identity.
A few minutes later, a police officer arrived at the house in response to a signal from a burglar alarm. The neighbor who had observed the boys from across the street had not heard the burglar alarm; therefore, he did not know when it began ringing. The police investigated the scene and discovered a sliding door that was partially open at the back of the house. The description of this door in the record is confusing, but it appears that no one could get through this door from the outside because there were large, visible burglar bars between the exterior screen door and the interior sliding glass door.
The owner of the home testified that J.A.S. had once lived next door to her but did not have permission to be in her house. The sliding door was normally locked from the inside with a bolt, and she believed that the door had been pried open rather than inadvertently left open. She did not testify, however, that anyone had actually entered her home during this event.
The police examined and dusted the sliding door for fingerprints but did not recover any prints or other physical evidence to support a theory that the two boys had pried this door open. The neighbor who watched the boys only testified that they were in front of the house, approached the front door and garage door, and jiggled *640 the garage door handle. Thus, there was no evidence J.A.S. had anything to do with the opening of the sliding door. It is not clear why the burglar alarm went off, but from the evidence presented there is nothing to suggest that the activity at the garage door was the cause.
At the close of the State's case, the defense moved for a judgment of dismissal because the State had failed to prove J.A.S. had the intent to commit a crime. To establish a prima facie case of attempted burglary of a dwelling, the State must introduce evidence of an act committed toward an attempted, unauthorized entry into a dwelling with the intent to commit an offense therein. See §§ 777.04(1), 810.02(1)(b), (3), Fla. Stat. (2005). Intent may be inferred through a statutory presumption. Section 810.07(2) provides: "In a trial on the charge of attempted burglary, proof of the attempt to enter such structure or conveyance at any time stealthily and without the consent of the owner or occupant thereof is prima facie evidence of attempting to enter with intent to commit an offense." In this case, the owner testified that J.A.S. did not have consent to enter the dwelling and an eyewitness placed J.A.S. on the property. The evidence, however, lacked proof of either an intent to commit an offense on the property or the stealth necessary to employ the statutory presumption.
Although "stealth" is not defined in the statute, the word normally implies activity that is surreptitious, furtive, or sly. Black's Law Dictionary 1453 (8th ed.2004). Courts have concluded that a defendant acted stealthily when the actions were done in a furtive or clandestine behavior to avoid discovery. See Baker v. State, 636 So.2d 1342, 1343 (Fla.1994) (ruling the evidence supported a finding of stealthy entry where defendant crept underneath a plastic tarp into a backyard surrounded by a six-foot privacy fence, broke a window "while hidden from view in the seclusion of the backyard," and fled when alarm sounded); M.S. v. State, 774 So.2d 777, 778 (Fla. 3d DCA 2000) (inferring intent through statutory presumption of stealthy entry where defendant ran from back exit of apartment late at night); Jackson v. State, 703 So.2d 515 (Fla. 3d DCA 1997) (stating the "jury could have reasonably concluded that [defendant's] unauthorized and unannounced entry into the victim's house coupled with his immediate flight from the house, without explanation, when seen by the victim constituted `stealthy entry'"); Florida v. State, 522 So.2d 1039, 1042 (Fla. 4th DCA 1988) (determining there was sufficient circumstantial evidence of stealthy entry where defendant entered completely enclosed and locked screened-in porch in a condominium complex with gated security).
In contrast, courts have declined to conclude the evidence showed stealthy entry where the defendant did not act in a furtive or clandestine manner. See Peters v. State, 76 So.2d 147, 148 (Fla.1954) (reversing where defendant was "more artless than stealthy" by continuously ringing the victim's doorbell, pleading with her that he wished to talk, and trying both front and back doors before kicking out a screen in the kitchen and entering); Frazier v. State, 664 So.2d 985, 986 (Fla. 4th DCA 1995) (reasoning the stealth instruction was improper because defendant smashed through the glass door of the home in broad daylight and in the presence of the victims); Harrell v. State, 647 So.2d 1016, 1018 (Fla. 4th DCA 1994) (stating "entry was anything but stealthy, since the robber, in full view of the victim, first tried to open her locked car door, and then smashed the window").
In this case, the two boys did not sneak up to or run away from the house. Rather, *641 in the middle of the afternoon in plain view, the boys approached the front entrance and garage door of a house in a residential neighborhood where any passerby could observe their actions. In the house across the street, the neighbor observed them through his window for at least ten minutes. The evidence, as presented, did not directly connect them to any action that may have set off the burglar alarm and did not place them near the door that was ajar in the back of the house. Thus, while we recognize that J.A.S.'s lingering in front of the garage door and rattling the handle was suspicious, the State did not establish a prima facie case of attempted burglary because it failed to present evidence of intent to commit an offense on the property or evidence of stealth. Thus, the trial court erred in denying the motion for judgment of dismissal.
Accordingly, we reverse the adjudication of delinquency and remand with directions that J.A.S. be discharged for the offense.
Reversed and remanded.
LaROSE, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.